A89A1566. JAY GLEASON ADVERTISING SERVICE, INC. v. GLEASON.
(388 SE2d 43)

POPE, Judge.

Plaintiff Thomas W. Gleason sued defendant Jay Gleason Advertising Service, Inc., on a promissory note for $10,500. Defendant answered asserting the defenses of fraud and failure of consideration. After the deposition of the sole shareholder of defendant corporation was taken and defendant had responded to certain discovery requests, plaintiff moved for summary judgment. Defendant did not respond to the motion by affidavit or by brief of law. The trial court granted summary judgment to plaintiff and defendant appeals.

1. Defendant argues summary judgment was improper because the record does not reflect all the facts necessary in order for the plaintiff to be entitled to judgment. "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." OCGA § 11-3-307 (2). The evidence in the record shows the promissory note was duly executed and that defendant is in default. Thus, a prima facie right to judgment by plaintiff is established and the burden is on the defendant to establish an affirmative defense to plaintiff's claim. See *Citizens Bank v. Wix,* 154 Ga. App. 249 (267 SE2d 856) (1980).

2. Defendant also argues the evidence of record creates genuine issues of material fact. We disagree. We have examined the transcript of the deposition of defendant's sole shareholder and defendant's written responses to discovery requests and conclude that no genuine issue was raised in defense to plaintiff's claim on the promissory note. Generalized arguments amounting to mere conclusions have no probative value to pierce the facts presented by the movant for summary judgment. *Booker v. Eddins,* 183 Ga. App. 449 (359 SE2d 211) (1987).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 8, 1989.

*Daniel W. Latimore, Jr.,* for appellant.
*Joseph Gardner III,* for appellee.