A94A1731. MADDOX et al. v. LEAPHART.
(447 SE2d 694)

BIRDSONG, Presiding Judge.

Francis E. Williams and Cone M. Maddox appeal the grant of summary judgment in this suit on a demand note executed on June 1, 1974. Plaintiff-creditor Florence Leaphart, who is Williams' former wife, filed this suit in 1992. Appellants Francis Williams and Cone Maddox separately answered Leaphart's complaint, raising affirmative defenses including statute of limitation, accord and satisfaction, laches, and res judicata. Appellant Williams filed a counterclaim alleging the suit was filed without substantial justification (OCGA § 51-7-80); he contends (as reasonably construed) that Leaphart entered into a divorce settlement and accepted benefits while failing to disclose that she intended to declare this note unsatisfied.

Both Williams and Maddox filed affidavits in response to Leaphart's motion for summary judgment. They assert generally that they were real estate venture partners and they executed the note when they purchased subdivision development property in Wick's Lake for $25,000. The $12,500 note was for advancement of Williams' half of this purchase price.

Williams contends he provided the housing and main income for the marriage and Williams' partnership with Maddox in their ventures produced millions of dollars in income, of which Williams' share was always given to Leaphart; because all his funds were controlled by Leaphart, the $12,500 evidenced by the note came from funds he created; and the note merely served as evidence of Williams' advancement of funds in case something happened to him; Williams also avers the note was satisfied by benefits received by Leaphart in their divorce settlement agreement.

Williams' affidavit also contends the $12,500 note was repaid by his and Maddox' conveyance to Leaphart of three lots in the Wick's Lake property which was purchased with the money. Appellant Maddox filed an affidavit stating that the $12,500 debt was satisfied by

conveyance to Leaphart of three lots of the Wick's Lake property which was bought with the money.

Leaphart successfully contended below that she is entitled to summary judgment because Williams and Maddox admit their execution of the note and (according to her) they filed no affirmative defenses. The trial court awarded her $12,500 plus $26,125 interest and $5,793.75 attorney fees, costs, and post-judgment interest. Williams and Maddox appeal. *Held*:

1. Appellee Leaphart wastes much effort asserting that appellants failed to file any affirmative defense. The record shows on its face that appellants filed affirmative defenses. The question is whether appellants' affirmative defenses are sufficient to contradict their promise to pay and to withstand summary judgment.

2. Leaphart contends that, according to *Brooks v. McCorkle*, 174 Ga. App. 132 (329 SE2d 214) and *Freezamatic Corp. v. Brigadier Indus.*, 125 Ga. App. 767 (189 SE2d 108), an unconditional promise to pay in a promissory note is enforceable, parol evidence is inadmissible to inject conditions to it, and evidence of other dealings of the parties cannot vary its terms. Under *Brooks v. McCorkle*, no valid defense to the unconditional promise to pay is raised by Williams' assertions that his and Leaphart's divorce settlement resolved this debt and that the money she advanced was really his money. As a matter of *fact*, those assertions do not vary the clear terms of his promise to pay $12,500 to Leaphart "for value received."

However, appellants specifically contend the note was paid by the transfer to Leaphart of three lots in the same Wick's Lake subdivision which were purchased with the $12,500. This is a valid defense of accord and satisfaction.

In *Brooks v. McCorkle*, it was contended that the creditor held the note in trust for her husband, who was the debtor's former partner, and that the note was subject to set-offs between the creditor's husband and the debtor or was void for lack of consideration. In *Tatum v. Bank of Cumming*, 135 Ga. App. 675, 676 (218 SE2d 677), the debtor's contention that the note was part of a larger contract which the creditor breached was insufficient to contradict an unconditional promise to pay. Nor do "previous business transactions" between the debtor and the creditor's president provide a defense to the obligation to pay the note at maturity. *Cox v. Farmers Bank*, 159 Ga. App. 148, 151 (1) (282 SE2d 762). In those cases, the defenses merely attempted to *contradict or vary* an unconditional promise to pay, and that is why they were held "invalid."

In this case, both debtors contend that the note was fully paid when the same property bought with the proceeds of the loan was conveyed to the creditor, in a transaction which was intended to, and did, constitute full *payment* of the note. This is not an invalid at-

tempt to contradict or vary an unconditional promise to pay, as in *Brooks, Tatum*, and *Cox*, supra.

3. When the facts concerning an affirmative defense are uncontradicted, the matter may be disposed of by summary judgment (*Beazley v. Williams*, 231 Ga. 137 (200 SE2d 751)); but the burden is on the movant to prove no genuine issue of fact remains, the evidence is construed in favor of the respondent, and his evidence is treated with considerable indulgence. *Collins v. Newman Machine Co.*, 190 Ga. App. 879, 882, 884 (380 SE2d 314). "When signatures [on a note] are admitted or established, production of the instrument entitles a holder to recover on it *unless* the defendant establishes a defense." (Emphasis supplied.) OCGA § 11-3-307 (2). When a plaintiff established execution of a note, the burden was on defendants to establish an affirmative defense (*Jay Gleason Advertising Svc. v. Gleason*, 193 Ga. App. 445 (1) (388 SE2d 43)), but on plaintiff's motion for summary judgment, it was her burden to establish non-existence of a genuine issue of fact as to each affirmative defense; her papers are carefully scrutinized and all doubts are resolved against her, while the respondents' papers are treated with considerable indulgence. *First Rome Bank v. Reese Oil Co.*, 206 Ga. App. 667 (426 SE2d 384). See *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474).

Leaphart asserts that none of appellants' affirmative defenses, including accord and satisfaction, creates a "triable" issue. By this, she means that the events described by appellants as to conveyance of the Wick's Lake property to her never occurred and that appellants acknowledged the note's existence in 1986. Leaphart thus concedes the contradictory nature of the evidence but asserts that her version of facts must be accepted. This is not how summary judgment works. Neither we nor the trial court may decide that appellants' valid defense of accord and satisfaction is incredible. The evidence is to be adjudged in their favor as respondents. The trial court erred in granting summary judgment to Leaphart.

*Judgment reversed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 29, 1994.

*Gerald W. Fudge, Parker, Johnson, Cook & Dunlevie, Everett W. Gee III, Sonya Y. Ragland*, for appellants.
*William R. Harp*, for appellee.