A95A0383. BURKS v. COMMUNITY NATIONAL BANK.
(454 SE2d 144)

BLACKBURN, Judge.

The appellant, James Burks, appeals from the grant of a motion for summary judgment in favor of appellee Community National Bank ("CNB").

Burks executed three promissory notes in favor of CNB and conveyed a security interest in two tractors, a bulldozer, and certificate of deposit as collateral for the notes. Burks subsequently defaulted under the terms of the notes and refused to pay the balance due and owing thereunder. CNB filed the instant petition for writ of possession and complaint for damages against Burks and Tommy Hutto d/b/a Hutto's Shop. Hutto was in possession of a portion of the secured property.[1] In his response, Burks admitted executing the promissory notes in issue, denied all other allegations of the complaint, and asserted a counterclaim based upon CNB's alleged failure to secure benefits due under a disability policy obtained through CNB.

In support of its motion for summary judgment, CNB filed the affidavits of Mildred McNair, its Assistant Vice President for Community Affairs, in which she averred that Burks was in default on all of the loans based upon his failure to make timely payments on said loans as they became due. She further attested that CNB applied the certificate of deposit to the indebtedness represented by the third

---

[1] Hutto failed to respond to the petition and a default judgment was entered against him with respect to certain items of equipment in Hutto's possession. CNB subsequently took possession of certain items of equipment Hutto had in its possession. Hutto is not involved in this appeal.

promissory note. Although an accident and health insurance carrier made payments on the first two promissory notes pursuant to a policy on Burks, these payments were insufficient to cure the default. No policy was taken out on the third note.

Over three months after the filing of the motion for summary judgment, Burks filed an affidavit in which he admitted executing the promissory notes in question. However, he denied that the promissory notes were in default based upon payments made by the accident and health insurance carrier. He further averred that McNair told him when he executed one of the first two promissory notes that he could make monthly or annual installment payments. The trial court granted the motion for summary judgment following its consideration of the parties' briefs based upon Burks' default under the terms of the three loan agreements.

In his sole enumeration of error, Burks maintains that summary judgment was inappropriate because issues of fact remain for summary adjudication as to whether the loans were in default. We disagree. "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense. The evidence in the record shows the promissory note[s] w[ere] duly executed and that defendant is in default. Thus, a prima facie right to judgment by plaintiff is established and the burden is on the defendant to establish an affirmative defense to plaintiff's claim." (Citations and punctuation omitted.) *Jay Gleason Advertising Svc. v. Gleason*, 193 Ga. App. 445 (1) (388 SE2d 43) (1989). Burks did not assert any affirmative defenses in his responsive pleadings, and thus any defense that he may have had is now deemed waived. See OCGA § 9-11-12 (b).

While he maintains that the terms of one of the contractual agreements were changed based upon an oral agreement that he made with McNair, "[a]n oral agreement between the parties, made contemporaneously with the execution of the note or prior thereto relating to a condition not expressed in the note is incompetent to change the contract as represented on the face of the note." (Citations and punctuation omitted.) *Leventhal v. Seiter*, 208 Ga. App. 158, 162 (4) (430 SE2d 378) (1993). Hence, this parol evidence is insufficient to challenge the unambiguous terms of the contract. See id.

Consequently, we conclude that the trial court did not err in granting summary judgment in favor of CNB.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 27, 1995.

*Carl A. Bryant,* for appellant.

■■

*James H. Moore III*, for appellee.