### A94A2508. ABDALLA v. DDCB, INC.
(455 SE2d 598)

McMURRAY, Presiding Judge.

Plaintiff DDCB, Inc. brought this action on a note, alleging that defendant Michael J. Abdalla was "indebted to the Plaintiff in the sum of $15,000.00 as a balance due under the terms of a promissory note between the parties dated August 16, 1984, which contract is . . . in default." Plaintiff also sought "$1,525.00" as reasonable OCGA § 13-1-11 attorney fees and accrued interest of "$7,633.62." Defendant's amended answer contains, inter alia, a general denial, a defense based upon the statute of limitation, a claim of both payment and set-off, and a purported "counter-claim" for OCGA § 9-15-14 costs of litigation. In response to discovery requests served with the complaint, defendant denied all requests for admissions. He averred that he "can not locate his records at this time and consequently can not

accurately . . ." state the "amount owed to the Plaintiff by the Defendant according to the records of the Defendant." Defendant's entire response to requests for the production of documents consisted of the following: "This Defendant shows that at this time he cannot locate any of the documents called for in the Plaintiff's Request."

After this discovery, plaintiff moved for summary judgment, relying on the note itself. The note was in the principal amount of $15,000 with interest at 11 percent, payable "as follows: Interest only payable quarterly . . . to the fourth anniversary date of the note; principal and remaining accrued interest being due and payable on the fourth anniversary date of the note." The note further provided that it was "subject ot [sic] a right to set off . . . , as contained in Seller's Warranty." Defendant opposed the motion with his affidavit. He deposed: "I have made a number of payments to the Plaintiff on the indebtedness and Promissory Note. . . ." Defendant submitted a letter from Gerald N. Stephens in the stated capacity as plaintiff's Vice President-Secretary-Treasurer dated July 22, 1988. This letter recites in pertinent part: "In accordance with our discussion on July 19, 1988, effective August 15, 1988, we will expect to receive monthly payments of $250.00 from you against your note dated August 16, 1984, which is payable to DDCB, Inc." According to defendant's affidavit, this letter is proof that "some of these payments . . . were made by [defendant] and received . . ." by plaintiff. Defendant further deposed that he was entitled to set-offs in amounts unspecified for various breaches of warranty and claimed that allowable set-off amounts "together with the payments made by the Defendant equal or exceed any amount due under said note."

The trial court granted plaintiff's motion for summary judgment and this appeal followed. *Held*:

Defendant enumerates the grant of summary judgment, arguing that his affidavit shows the existence of material factual issues. We agree.

On consideration of plaintiff's motion for summary judgment, "the burden is on the movant to prove no genuine issue of fact remains, the evidence is construed in favor of the respondent, and his evidence is treated with considerable indulgence. *Collins v. Newman Machine Co.*, 190 Ga. App. 879, 882, 884 (380 SE2d 314). 'When signatures (on a note) are admitted or established, production of the instrument entitles a holder to recover on it *unless* the defendant establishes a defense.' (Emphasis supplied.) OCGA § 11-3-307 (2). [In the case sub judice, once] plaintiff established execution of a note, the burden was on the defendant to establish an affirmative defense (*Jay Gleason Advertising Svc. v. Gleason*, 193 Ga. App. 445 (1) (388 SE2d 43)), but on plaintiff's motion for summary judgment, it was [DDCB, Inc.'s] burden to establish the non-existence of a genuine issue of fact

as to each affirmative defense[; its] . . . papers are carefully scrutinized and all doubts are resolved against [it], while [defendant's] papers are treated with considerable indulgence. *First Rome Bank v. Reese Oil Co.*, 206 Ga. App. 667 (426 SE2d 384). See *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474)." *Maddox v. Leaphart*, 214 Ga. App. 340, 342 (3) (447 SE2d 694).

In the case sub judice, defendant amended his answer to allege that "the actual payments made by the Defendant together with his right of set-off . . . equal or exceed any claim Plaintiff might have." "[P]ayment," one of the affirmative defenses itemized at OCGA § 9-11-8 (c), may be raised by amendment. *Security Ins. Co. of Hartford v. Gill*, 141 Ga. App. 324, 326 (233 SE2d 278). The question for determination becomes whether defendant's oral evidence of payment and set-off in unspecified sums is sufficient to rebut plaintiff's prima facie right to recover on the note.

There is nothing in this record to document defendant's performance of his obligations under the note or his entitlement to set-off in any specific amount. Moreover, the letter relied upon by defendant proves nothing in the way of payment. Defendant proffered no canceled checks, no repair bills, and no letters asserting a breach of warranty. Plaintiff urges that defendant has "waived said defenses," by responding to its motion in an untimely fashion.

"There is no such thing as a 'default summary judgment.' " *McGivern v. First Capital Income Properties, Ltd.*, 188 Ga. App. 716, 717 (1) (373 SE2d 817). At trial, the trier of fact would be authorized to construe this circumstance against defendant. OCGA § 24-4-22. See also OCGA § 24-5-5. However, parol evidence is admissible to establish lost papers, if the proponent has been diligent. OCGA §§ 24-5-2 and 24-5-21. Moreover, plaintiff did not supplement its motion to deny payment or controvert defendant's deposition in any way.[1] The note expressly grants defendant a right of set-off for breach of warranty. Compare *Brunson v. Bridges*, 130 Ga. App. 102, 103 (1) (202 SE2d 553). Accordingly, plaintiff's motion fails to establish the nonexistence of every material fact. On the present posture of the record as designated by defendant and transmitted to this court, the trial court erred in granting plaintiff's motion for summary judgment. *Maddox v. Leaphart*, 214 Ga. App. 340, 342 (3), supra.

*Judgment reversed. Pope, P. J., concurs. Smith, J., concurs in*

---

[1] We do not consider the October 6, 1994, affidavit of Gerald Stephens, with exhibits, attached to plaintiff's brief on appeal as it does not appear that these matters were properly of record and considered by the trial court in its order of May 16, 1994. "Exhibits contained in an appellate brief which do not appear in the record or transcript cannot be considered by this court and afford no basis for reversal. [Cits.]" *Strickland v. American Motorists Ins. Co.*, 149 Ga. App. 690, 691 (256 SE2d 92).

*the judgment only.*

Decided February 22, 1995 —
Reconsideration denied March 16, 1995.

*Glenville Haldi,* for appellant.
*Ross Gelfand,* for appellee.