## A95A0628. TRAYLOR v. THE STATE.
### (458 SE2d 682)

BEASLEY, Chief Judge.

Aaron Traylor was convicted by a jury of armed robbery and sentenced to life imprisonment. His appeal follows denial of a motion for new trial.

Viewed in a light supporting the jury verdict, the evidence was that the victim's car was parked at the West End Mall near Eckerd's while the victim, a college student, waited in the passenger seat for a friend to complete an errand. Traylor entered the car on the driver's side and demanded the victim's money at knifepoint. She gave him $6, and he allowed her to exit the car before driving it away. Nine days later, Traylor was apprehended at a roadblock while driving the car. The victim identified Traylor as the perpetrator both at a photographic lineup and at trial.

1. Traylor enumerates as error the court's denial of his motion to suppress evidence of the victim's photo and anticipated in-court identifications. Traylor argues that the lineup was impermissibly suggestive because Traylor's photo was the only one of thirty in which the subject was smiling.

"Admission of testimony regarding a pre-trial identification is error only if the identification procedure was impermissibly suggestive *and* it appears that, under the totality of the circumstances, the suggestiveness of the procedure gave rise to a substantial likelihood of misidentification. [Cits.]" (Emphasis in original.) *Reid v. State*, 210 Ga. App. 783, 786 (2) (437 SE2d 646) (1993). "The considerations in evaluating the likelihood of misidentification include: (a) the opportunity of the witness to view the criminal at the time of the crime, (b) the witness' degree of attention, (c) the accuracy of the witness' prior description of the criminal, (d) the level of certainty demonstrated by the witness at the confrontation, and (e) the length of time between the crime and the confrontation. [Cits.]" *McGee v. State*, 209 Ga. App. 261, 262 (433 SE2d 374) (1993).

Based on the arresting officer's physical description of Traylor,

Detective Keith Meadows compiled photographs of men of similar age and physical characteristics. The victim's identification of Traylor from this array was signaled by her statement that his photograph "looked more like [the perpetrator] than any of the rest of them." She was able to tell [the investigator] that "it was definitely [Traylor]. . . . [She] was quite sure" of the identification.

Even if the smile differentiated Traylor's photograph and therefore rendered the array unduly suggestive, any taint was removed by the victim's "absolutely sure" in-court identification of Traylor. The factors at the scene were strongly supportive of accurate identification. Traylor approached the victim and her friend in the parking lot on a sunny afternoon and warned them about a nearby puddle; shortly thereafter he returned, asked the victim for a quarter, then jumped into the car demanding money at knifepoint before he let her out and drove her car away. The witness had ample opportunity to view the criminal during commission of the crime, and she based her in-court identification on her recall of the crime seven and one-half months earlier and not on her identification of the photograph. *Jacobs v. State*, 207 Ga. App. 714, 715 (429 SE2d 256) (1993). The court's denial of the motion to suppress was not error.

2. Traylor next contends that the trial court erred by failing to require the prosecutor to produce evidence at the Rule 31.3 hearing, and by admitting evidence of a prior incident because it was not offered for a proper purpose and was dissimilar to the charged offense. He argues that since he was convicted of the lesser offense of robbery by intimidation in 1987, for which he was sentenced to serve eight years in prison, that conduct is not admissible as a similar transaction.

First, the court did not err by allowing the prosecutor to state in his place what he expected the similar transaction evidence to show without producing such evidence at the Rule 31.3 hearing. The rule grants the court discretion as to the reception of evidence. USCR 31.3; *Bryson v. State*, 210 Ga. App. 642, 644 (2) (437 SE2d 352) (1993). If the evidence actually produced at trial differs, it should be rejected even if it would otherwise qualify, because the defendant was not put on notice in advance as required by Rule 31.3.

We turn next to the admissibility of the evidence at trial. "[B]efore any evidence of independent offenses or acts may be admitted into evidence, . . . the state must make three affirmative showings as to each independent offense or act it seeks to introduce. The first of these affirmative showings is that the state seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility.

"The second affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The third is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. [Cit.] . . . [B]efore any evidence concerning a particular independent offense or act may be introduced, the trial court must make a determination that each of these three showings has been satisfactorily made by the state as to that particular independent offense or act." *Williams v. State*, 261 Ga. 640, 642 (2b) (409 SE2d 649) (1991).

At trial, the State produced evidence that on April 17, 1987, Traylor approached a young woman who was using a public telephone near her parked car, a 1982 white Ford Escort. Threatening to shoot if she said anything, he stole her car at gunpoint. When the car was recovered ten days later, it contained Traylor's fingerprints and, on the front seat, Traylor's blood from a gunshot wound. Traylor was charged with armed robbery and convicted of the lesser offense of robbery by intimidation.

There was evidence Traylor committed the April 17 offense and it was similar to the charged offense in that Traylor used a deadly weapon to steal a parked automobile from its female owner, then continued to drive the automobile until his arrest. Traylor's conviction of robbery by intimidation rather than armed robbery did not bar use of the prior offense as evidence in this case. The relevance of the April 17 offense does not depend on whether Traylor committed all of the elements of armed robbery in that incident, but on whether his prior conduct was sufficiently similar to that charged so that proof of the former tends to prove the latter. It is the similarity between the underlying conduct in each instance which controls admissibility of a prior transaction, not the charge or conviction. *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984). The indicia of similarity are such that they mark the two incidents as likely to have been committed by the same person.

The court did not err in admitting the similar transaction evidence for the limited purpose described to the jury. Evidence of the earlier incident tended to show that it was Traylor, whose past course of conduct was so strikingly similar, who committed the armed robbery in this case.

3. Traylor contends, thirdly, that prosecutorial misconduct requires a new trial. He maintains the prosecutor improperly argued to the jury that Traylor's post-arrest silence was reason to discredit his testimony at trial.

Traylor testified that the person driving the victim's car was an acquaintance who allowed Traylor to drive it. On the way to get something to eat, they came upon a police roadblock. As they ap-

proached, the acquaintance instructed Traylor to stop and fled on foot. Traylor admitted that as he proceeded to the roadblock, he knew the car was stolen. He further claimed on direct examination that when the police officer arrested him, "[the officer] knew that somebody else got out of that car. He knew it, but he didn't ask me." Traylor also testified that he told the officer at the time of his arrest, "Michael Johnson did just flee on foot."

Traylor's testimony on direct examination that he told the police someone else was responsible for stealing the car permitted the prosecutor to explore the subject on cross-examination and to argue its credibility to the jury. *Johnson v. State*, 235 Ga. 355 (219 SE2d 430) (1975); see *Wilson v. State*, 145 Ga. App. 315 (244 SE2d 355) (1978).

A new trial is not required.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 21, 1995.

*Mark R. Pollard*, for appellant.
*Lewis R. Slaton, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.