## A95A1564. KINSEY v. THE STATE.
(464 SE2d 648)

RUFFIN, Judge.

A jury convicted Bernard Kinsey of armed robbery. The court sentenced Kinsey to life, and he appeals following the denial of his motion for new trial. We affirm.

Viewed in a light supporting the verdict, the evidence shows that one evening, Kinsey entered a convenience store, purchased a box of chicken from the store's cook, sat at a table, ate the chicken, and left. Approximately 15 to 20 minutes later, Kinsey returned to the store. He walked to a beer cooler where he pulled a gun from his pants, removed a bottle of beer from the cooler, and placed the beer next to the cash register. When the cashier told Kinsey the price of the beer and while the cook was watching, he showed her the barrel of the gun which he had hidden in his shirt. Kinsey told the cashier not to move or he would shoot her and instructed her to put all the money into a brown paper bag. The cashier followed his instructions, and after taking the money, Kinsey backed out of the store. According to the cashier and the cook, the robbery took between five and ten minutes. The cashier immediately called the police, describing the robber as a black male of medium height with short hair, wearing a blue work shirt, blue jeans, and no shoes. The cashier looked at approximately 100 photographs in attempting to identify the robber. Although she put one photograph aside, she told the officers she was not certain it was the robber.

Approximately ten days later, while the cook was working, Kinsey came into the store again. When Kinsey saw the cook, he quickly left the store, and the cook called the police. The cook told police Kinsey was wearing blue shorts with trim around the bottom and no shoes. Kinsey was found shortly thereafter, barefoot and wearing shorts that fit the cook's description.

A police officer later showed the cashier and the cook six photographs, all of black males with short hair of approximately the same age and physical makeup. While both the cashier and the cook identi-

fied Kinsey's photograph as that of the robber, each was present when the other made the identification. The next day, the cook viewed a lineup of six black males with similar physical characteristics and identified Kinsey as the robber. The cashier did not participate in the lineup identification. At trial, both the cashier and the cook identified Kinsey as the robber.

We note initially, that Kinsey, who is represented by counsel on appeal, has violated this Court's rules in preparing his brief. First, Kinsey's counsel has violated Court of Appeals Rule 23 (a) which requires that in conformity with Rule 1 (b), all briefs are to be double spaced, with a type size no smaller than standard pica or elite or ten point courier font. Second, and potentially fatal to his appeal, Kinsey's entire brief contains only a single reference to the transcript. Court of Appeals Rule 27 (c) (3) (i) is quite clear in its requirement that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript." Generally, "[i]n the absence of such reference, [we] will not search for or consider such enumeration." It is not the function of appellate judges to engage in the insipid search for support of alleged error without citation to relevant parts of the record. While in most cases appellant's failure to cite to the record results in abandonment of his argument, there are cases in which this court chooses not to penalize an appellant for the glaring omissions of his counsel. In such cases, counsel should be subjected to contempt for failure to follow the rules of this court. Because error alone carries no connotation of harm, we must examine the factual underpinnings to ascertain whether there is harm. An error cannot be vitalized with verbiage but only with harm as demonstrated by the record, hence the necessity for record citation by Kinsey's counsel. It should go without saying that all counsel practicing in this court are expected to know and to follow the rules of this court. We turn now to the merits of Kinsey's appeal.

1. In his first enumeration of error, Kinsey contends the trial court erred in admitting the in-court identifications of the cashier and the cook. Kinsey contends that because their pre-trial identifications of him were unduly suggestive, their in-court identifications were inadmissible. We disagree.

Although Kinsey argues that several factors contributed to an unduly suggestive identification process, virtually all those factors are either unsupported by the record, or when viewed in a light most favorable to the verdict, as they must be on appeal, do not support Kinsey's argument. The fact that the two witnesses viewed the photo array in each other's presence is the only factor suggesting a flawed identification process. However, " '[a]dmission of testimony regarding a pre-trial identification is error only if the identification procedure was impermissibly suggestive *and* it appears that, under the totality

of the circumstances, the suggestiveness of the procedure gave rise to a substantial likelihood of misidentification. (Cits.)' [Cit.]" (Emphasis in original.) *Traylor v. State*, 217 Ga. App. 648 (1) (458 SE2d 682) (1995).

In this case, there is no indication that either witness relied on the other's identification of Kinsey. Moreover, considering that both witnesses closely observed Kinsey for five to ten minutes during the robbery and that both unequivocally identified him as the robber approximately ten days after the robbery, there was not a substantial likelihood of misidentification. Accordingly, the trial court did not err by admitting the identification evidence. The better practice, however, is to avoid having witnesses jointly identify a photographic array.

2. Kinsey next contends that because he was indicted for armed robbery under OCGA § 16-8-41 (b), which contains its own recidivist provisions, the trial court erred in sentencing him as a recidivist under OCGA § 17-10-7 (a). Kinsey argues that since he was not indicted as a recidivist under OCGA § 17-10-7 (a), he cannot be sentenced under that statute. We disagree.

The State was not required to indict Kinsey as a recidivist. The State was required to provide only " 'affirmative notice to [Kinsey] that his prior felony offenses would be used against him for recidivist purposes during sentencing.' [Cits.]" (Emphasis omitted.) *Ross v. State*, 210 Ga. App. 455, 458 (4) (436 SE2d 496) (1993). Because the record shows the State provided such notice, we find no error.

3. The evidence was sufficient to authorize the jury to convict Kinsey of armed robbery under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Edwards v. State*, 214 Ga. App. 383 (1) (448 SE2d 51) (1994).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED NOVEMBER 29, 1995.

*Thomas J. O'Donnell*, for appellant.

*Richard A. Malone, District Attorney, Anne L. Durden, William S. Askew, Assistant District Attorneys*, for appellee.