A96A1125. GENTILE v. BOWER.
(477 SE2d 130)

RUFFIN, Judge.

Anthony Gentile appeals the trial court's order granting summary judgment to Paul Bower for the balance due on a $36,000 promissory note that Gentile executed in connection with a real estate sales contract. We reverse.

On appeal from a trial court's grant of summary judgment, this Court conducts a de novo review of the evidence. *Moore v. Food Assoc.*, 210 Ga. App. 780 (437 SE2d 832) (1993). In order to prevail at summary judgment under OCGA § 9-11-56, "the moving party must

demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "The movant has the original burden of making this showing. Once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the respondent to come forward with rebuttal evidence." (Citation and punctuation omitted.) *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 392-393 (2) (469 SE2d 469) (1996). However, if the respondent successfully produces such rebuttal evidence in the form of an affirmative defense, the burden shifts back to the movant to establish the non-existence of a genuine issue of fact as to each affirmative defense. *Abdalla v. DDCB, Inc.*, 216 Ga. App. 667, 668 (455 SE2d 598) (1995). Furthermore, the movant's "papers are carefully scrutinized and all doubts are resolved against [him], while [the respondent's] papers are treated with considerable indulgence. [Cits.]" (Punctuation omitted.) Id. at 669.

The record in this case shows that in December 1991, Bower agreed to sell property to Gentile, subject to an existing first security deed. The parties signed a sales contract which provided that Bower would convey marketable title by general warranty deed to Gentile at the time of closing. The contract further required Gentile to reconvey to Bower a "wrap around" security deed and a promissory note covering the balance Bower owed on the existing first security deed, as well as a second security deed and a separate promissory note in the amount of $36,000 covering Bower's equity in the property. In January 1992, approximately three weeks after the parties signed the sales contract, they closed the sale. At the closing, Gentile executed and delivered the security deeds and promissory note described in the sales contract, but Bower apparently never delivered the general warranty deed to Gentile.

Following the closing, Gentile brought this action for fraud, alleging that Bower made false representations regarding the property. Bower then counterclaimed against Gentile, demanding payment on the $36,000 promissory note. The trial court granted Bower summary judgment both on Gentile's fraud claim and on his own counterclaim for the balance due on the $36,000 promissory note. Gentile appeals only the trial court's grant of summary judgment on Bower's counterclaim.

Before addressing the merits of this appeal, we note that Gentile's counsel has violated the rules of this Court in preparing his brief. In particular, the brief fails to conform to Court of Appeals Rule 27 (c) (1), which requires that the sequence of arguments presented in the briefs "shall follow the order of the enumeration of errors, and shall be numbered accordingly." The brief also fails to comply with

Court of Appeals Rule 27 (c) (3), mandating that a party support its arguments with specific reference to the record or transcript. "It is not the function of appellate judges to engage in the insipid search for support of alleged error without citation to relevant parts of the record." *Kinsey v. State*, 219 Ga. App. 204, 205 (464 SE2d 648) (1995). Gentile's brief contained no reference to the record supporting his contention that Bower failed to deliver the warranty deed to him at the time of the closing.

Furthermore, Gentile's counsel raises two different errors within a single enumeration, citing the Code sections for both summary judgment and the parol evidence rule. When an appellant asserts more than one error within a single enumeration, this Court may exercise the discretion to review none, one or both of the errors asserted. *Toledo v. State*, 216 Ga. App. 480, 482 (455 SE2d 595) (1995). Thus, in addition to making it difficult for us to address the merits of Gentile's claim, counsel's failure to follow the rules of this Court is potentially prejudicial to his client. Needless to say, we expect all counsel practicing in this Court to know and to follow its rules. We are, accordingly, requiring by separate order that Gentile's counsel show cause why he should not be cited for contempt for failure to comply with this Court's rules.

1. Gentile first contends that the trial court erred in granting Bower's motion for summary judgment because there are genuine issues of material fact as to his liability under the $36,000 promissory note. We agree.

In an action on a promissory note, a claimant may establish a prima facie right to judgment as a matter of law by producing the promissory note and showing that it was executed. *Jay Gleason Advertising Svc. v. Gleason*, 193 Ga. App. 445 (1) (388 SE2d 43) (1989). In this case, Bower established such a prima facie right to judgment by producing the executed $36,000 promissory note. Accordingly, on Bower's motion for summary judgment, the burden shifted to Gentile to establish an affirmative defense to Bower's claim. See *Kelly*, supra.

Contrary to Bower's contentions, Gentile did meet this burden. In his response to Bower's summary judgment motion, Gentile claimed that he was relieved of his liability under the promissory note because Bower failed to deliver the warranty deed referred to in the real estate sales contract, thus implicitly raising the affirmative defense of "failure of consideration." Furthermore, Gentile does not merely rely on his pleadings to establish this affirmative defense. As evidence in support of this contention, Gentile attached the real estate sales contract, which provides that Bower was to deliver the warranty deed to Gentile at the time of the closing. In addition, Gentile provided deposition testimony specifically showing he did not

receive the warranty deed at the time of the closing.

As a general rule, "the maker [of a promissory note] can always plead failure of consideration in defense to a suit on a promissory note. [Cits.]" *Emerson v. Cousins Mtg. &c.*, 145 Ga. App. 883, 884 (244 SE2d 890) (1978). Furthermore, although failure of consideration is an affirmative defense (see OCGA § 9-11-8 (c)), Gentile "was not required to answer [Bower's] counterclaim [under OCGA § 9-11-12 (a)], and under OCGA § 9-11-12 (b) [he] could assert [his] defense of [failure of consideration] at trial. If [Gentile] could assert the defense at trial without a responsive pleading, it follows that [he] could assert it in response to a motion for summary judgment by presenting evidence of [the consideration agreed upon]." *Jones v. Conlin*, 171 Ga. App. 346 (320 SE2d 188) (1984).

The text of the promissory note itself does not describe the specific consideration for which it was given, stating only that it was given "for value received." Such a note "is not complete on its face and is ambiguous as it does not specify the consideration received by [Gentile] in exchange for the note." *Jaraysi v. Soloway*, 215 Ga. App. 531, 533 (1) (451 SE2d 521) (1994). Furthermore, this Court has held that "[w]here a promissory note recites no consideration except in the words 'for value received,' and suit is brought thereon by the payee against the maker, the real consideration of the note may be inquired into as far as may be necessary to the defense pleaded." *Dunson & Bros. Co. v. Smith Seed Co.*, 26 Ga. App. 585 (106 SE 914) (1921). Where the defense pleaded is failure of consideration, as in this case, such an inquiry into the real consideration agreed upon is clearly necessary. Thus, Gentile successfully established an affirmative defense in rebutting Bower's prima facie right to judgment.

As a result, the burden shifted back to Bower to establish the non-existence of any genuine issue of fact as to Gentile's affirmative defense. Bower did not meet this burden. Bower apparently contends that delivery of a warranty deed was not part of the consideration for the promissory note, asserting that "Bower was not to provide Gentile with a warranty deed until the wrap around note was paid in full." Bower's contention, however, is completely unsupported by the record. Although Bower's motion for summary judgment was accompanied by an affidavit, the affidavit does not support the assertions set forth in the summary judgment motion on this issue. While the motion cites the "wrap around note," which covers the principal balance on the property and which is not due in full until the year 2018, the affidavit presumably refers to the $36,000 promissory note in stating, "We agreed that I would not record the wrap around security deed and warranty deed until the second mortgage note was paid." In his motion, Bower apparently confuses the two promissory notes involved in the real estate transaction, referring to the "wrap around

note" instead of the $36,000 note. There is absolutely no evidence in the record to support the contention in the summary judgment motion that the deed was not to be delivered until the wrap around note was paid in full. In addition, even if such evidence existed, it would merely contradict the express terms of the real estate sales contract, still creating a material issue of fact.

Thus, there appears to be a contested issue of material fact as to the consideration agreed upon by the parties in return for the promissory note. The fact that Gentile did not appeal the trial court's order granting Bower summary judgment on the main claim for fraud and breach of the real estate sales contract does not operate to foreclose Gentile's affirmative defense as to the counterclaim since the two claims involve separate contracts that must be dealt with individually. Since Bower held the burden of establishing the non-existence of any genuine issue of fact regarding Gentile's liability under the $36,000 promissory note, and Bower failed to meet this burden, summary judgment was erroneously granted in his favor.

2. Because we reverse the trial court's ruling for the reasons discussed above, we need not address Gentile's remaining enumerations of error.

3. Bower's motion for damages, alleging Gentile filed a frivolous appeal, is denied.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 12, 1996.

*Leon Pomerance, Tony Center, Arnall, Golden & Gregory, James R. Evans, Karen B. Bragman,* for appellant.
*McKee & Barge, James R. Marshall,* for appellee.