A96A2363. KEENE v. HERSTAM et al.
(483 SE2d 335)

JOHNSON, Judge.

James Keene, Sr. appeals the trial court's order granting summary judgment to Chris Herstam and Mark Tharp as receivers for Farm & Home Life Insurance Company for the balance due on a promissory note Keene executed in connection with the purchase of real property.

The record in this case shows that in 1987 Keene bought a lot in Gilmer County from Eagle's Mountain Resort, Inc. In conjunction with the purchase, he executed an installment note and a deed to secure debt. Eagle's Mountain Resort later merged with several other entities to form Appalachian Heritage Communities, Inc. According to the parties, the note was assigned several times. Ultimately, Appalachian's trustee in bankruptcy transferred various notes and deeds, including Keene's, to Farm & Home in 1994. Farm & Home, through its receivers, filed suit against Keene alleging a default on the note. In his answer Keene admitted executing the note, but denied any indebtedness based on a defense of accord and satisfaction.

Farm & Home filed a motion for summary judgment, supported by the affidavit of Roberta Cagle, manager of Farm & Home's loan service department. In the affidavit, Cagle states that Keene is in default under the terms and conditions of the installment note and is indebted to Farm & Home in the principal sum of $5,803. In opposing the motion, Keene submitted his own affidavit in which he states

that after purchasing his lot, Eagle's Mountain failed to construct certain improvements to the property in accordance with the representations made in the land purchase agreement. He states further that in 1989 or 1990, to settle the dispute, Eagle's Mountain agreed to repurchase the note from Beneficial Finance, to whom it had been assigned, and cancel it in exchange for an executed quitclaim deed to the property. The trial court granted summary judgment to Farm & Home, and Keene appeals.

1. Keene contends the trial court erred in granting Farm & Home's motion for summary judgment because there are genuine issues of material fact regarding the existence of an accord and satisfaction which relieved him of any liability under the note. "When the facts concerning an affirmative defense are uncontradicted, the matter may be disposed of by summary judgment; but the burden is on the movant to prove no genuine issue of fact remains, the evidence is construed in favor of the respondent, and his evidence is treated with considerable indulgence. When signatures on a note are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense. When a plaintiff established execution of a note, the burden was on the defendant to establish an affirmative defense, but on plaintiff's motion for summary judgment, it was [its] burden to establish non-existence of a genuine issue of fact as to each affirmative defense; [its] papers are carefully scrutinized and all doubts are resolved against [it], while the respondent['s] papers are treated with considerable indulgence." (Citations, punctuation and emphasis omitted.) *Maddox v. Leaphart*, 214 Ga. App. 340, 342 (3) (447 SE2d 694) (1994). See *Gentile v. Bower*, 222 Ga. App. 736, 738-739 (1) (477 SE2d 130) (1996).

Farm & Home established a prima facie right to judgment as a matter of law by producing the note and showing it was executed. See *Jay Gleason Advertising Svc. v. Gleason*, 193 Ga. App. 445 (1) (388 SE2d 43) (1989). The burden then shifted to Keene to establish an affirmative defense to Farm & Home's claim. See *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 392-393 (2) (469 SE2d 469) (1996). Once Keene raised the affirmative defense of accord and satisfaction, the burden shifted again to Farm & Home to establish the non-existence of that defense. *Abdalla v. DDCB, Inc.*, 216 Ga. App. 667, 668-669 (455 SE2d 598) (1995). Cagle, whose affidavit is relied upon by Farm & Home, acknowledges in response to Keene's request for admissions that Farm & Home was not the holder of the note in 1989 or 1990 and that she has no direct knowledge as to whether Keene and Eagle's Mountain had reached an accord and satisfaction of the subject note. Therefore, Farm & Home has failed to come forward with any evidence rebutting Keene's affirmative defense of accord and satisfaction.

Farm & Home argues that Keene's affidavit is insufficient because it is self-serving. It is true that an affidavit which is conclusory and is unsupported by substantiating fact or circumstances is insufficient to raise a genuine issue of material fact. See *Brooks v. Boykin*, 194 Ga. App. 854, 856 (3) (392 SE2d 46) (1990). However, self-serving does not equate with conclusory when the statements contained in an affidavit are supported, as here, by substantiating fact and circumstances of an alleged accord and satisfaction. This Court has repeatedly held that whether there is an accord and satisfaction is generally a question for resolution by a jury. See *Derosa v. Shiah*, 205 Ga. App. 106, 108 (1) (421 SE2d 718) (1992). Treating Keene's affidavit with considerable indulgence as the non-movant on summary judgment, we conclude that his uncontradicted sworn statement that a subsequent agreement reached with Eagle's Mountain relieved him of any further obligations under the terms of the note is sufficient to raise a genuine issue of material fact. The trial court erred in granting summary judgment to Farm & Home.

2. In light of our holding in Division 1, we need not address Keene's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MARCH 4, 1997.

*Kenneth W. Revell*, for appellant.
*Macey, Wilensky, Cohen, Wittner & Kessler, Robert A. Winter*, for appellees.