A97A0902. WALKER v. ST. PAUL APARTMENTS, INC. et al.
(489 SE2d 317)

BIRDSONG, Presiding Judge.

The trial court granted summary judgment to the defendant apartment building and its management in this suit for damages arising out of a robbery, assault and threatened rape on plaintiff by an assailant who entered the high-rise apartment building on the

---

night of October 2, 1992. The defendants employed full-time security guards but apparently did not provide the guard with a front door key, and the assailant apparently entered when the security guard left his post to check on a noise outside the building. In written notices and memoranda, the apartment manager assumed full responsibility for what happened to plaintiff, and defendants fired the security guard.

Evidence shows that in the previous year a tenant was snatched and her arm was broken at the apartment door. The same perpetrator did the same thing two weeks later. A tenant reported persons in the building trying to open her door, and another tenant complained that someone rattled her door as if to get in. Defendant Young, the manager, testified there had been a robbery in the lobby. A member of the apartment's board of directors admitted the building was in a high crime area. She knew one tenant was assaulted on the north side of the apartments and was injured; after that incident the board member was quoted in the newspaper as saying residents had been plagued by purse snatchings. She also knew of a tenant being struck in the head at the building entrance and she knew of tenants being knocked to the ground in the parking lot.

A former police officer testified that an elderly woman tenant was attacked and raped in a third-floor apartment after the assailant entered the front door and rattled door knobs until he found one unlocked. This officer had responded to several robberies by snatching and other assaults on tenants.

Appellees' security guard knew of crimes in the immediate vicinity, found the neighborhood deteriorating and the danger increasing, and informed defendants of his concerns before this attack on plaintiff. He raised concerns that he had no key to the front door and could not lock the door at night. He complained of not being allowed to carry a weapon, advised that the ground stair alarms were inaudible, requested more than one guard, and requested that the property be fenced to limit access. The tenants were generally afraid to go outside. The guard testified he was required to check outside when the motion detector was alerted but defendants contend he was never to leave the front desk.

A security expert testified that most of the residents of the building were elderly, which made the apartments a unique target for crime, and the general area was a high crime area. He also testified that the measures defendants took with regard to security were seriously deficient and would instill a false sense of security in the tenants.

Appellant enumerates seven errors below, all relating to factual conclusions implicit in the trial court's ruling that defendants are not liable as a matter of law. *Held*:

There are issues of fact here for jury resolution as to whether the defendants should reasonably have foreseen a criminal attack against the plaintiff in her apartment, and whether the measures they took to prevent such attack amounted to the exercise of ordinary care in the circumstances. The general rule is that a landlord does not ensure a tenant's safety against third-party criminal attacks, and that any liability from such attacks must be predicated on a breach of duty to "exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. A landlord's duty to exercise ordinary care to protect tenants against third-party criminal attacks extends *only* to *foreseeable* criminal attacks. *Sturbridge Partners v. Walker*, 267 Ga. 785 (482 SE2d 339). "If the proprietor has reason to anticipate a criminal act, he or she then has a 'duty to exercise ordinary care to guard against injury from *dangerous characters*.' [Cit.]" (Emphasis supplied.) *Lau's Corp v. Haskins*, 261 Ga. 491, 492 (405 SE2d 474). "Accordingly, the incident causing the injury must be substantially similar in type to the previous criminal activities occurring on or near the premises so that a reasonable person would take ordinary precautions to protect his or her customers or tenants against the risk posed by *that type of activity*." (Emphasis supplied.) *Sturbridge Partners*, supra at 786.

For the purpose of determining foreseeability, evidence of other criminal attacks is relevant. In determining admissibility of such evidence, it is improper to distinguish between criminal attacks involving brutal physical assaults and those which did not, for this incorrectly suggests the landlord could lawfully safeguard its tenants only from persons who commit criminal acts without accompanying physical harm. *Walker v. Sturbridge Partners*, 221 Ga. App. 36 (470 SE2d 738), aff'd in *Sturbridge Partners*, 267 Ga. 785, supra. And, in determining whether previous criminal acts are substantially similar to the occurrence causing harm (which establishes the foreseeability of risk), the court must inquire into the location, nature and extent of the prior criminal activities and their likeness, proximity or relation to the crime in question; but, while the prior criminal activity must be substantially similar to the crime in question, this does not mean it must be "identical," for what is required is only *that the prior incident be sufficient to attract the landlord's attention to the dangerous condition* which resulted in the litigated incident. *Sturbridge Partners*, supra.

The question of reasonable foreseeability of a criminal attack is generally for a jury's determination rather than for summary adjudication by the courts. *Sturbridge Partners*, supra at 786, quoting *Lay v. Munford*, 235 Ga. 340, 341 (219 SE2d 416). The record demonstrates that appellees had actual knowledge of the particular "dangerous condition" of serious crime in the area and on the premises

and of the risks posed by "dangerous characters" (*Lau's Corp.*, supra) involved in "that type of activity." *Sturbridge Partners*, supra at 786. The jury may find that the particular danger which resulted in the assault on plaintiff in this case was foreseeable under all the circumstances, and that appellees were negligent in failing to exercise ordinary care to guard against it.

On motion for summary judgment by the defendants, we are required to construe all evidence in favor of the respondent plaintiff. *Lau's Corp.*, supra. Upon so construing the evidence, we must conclude the evidence of prior criminal acts of robbery and assault on the premises gives rise to a triable issue of fact as to whether defendants failed their duty to exercise ordinary care to safeguard St. Paul Apartments' tenants against foreseeable risks, and whether any such failure resulted in plaintiff's assault.

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED JUNE 9, 1997 —
RECONSIDERATION DENIED JULY 14, 1997 —

*Bauer & Deitch, Gilbert H. Deitch, Randall, Nestor & Johnson, Dana P. Johnson, Katherine M. Kalish*, for appellant.

*Nelson, Mullins, Riley & Scarborough, Taylor T. Daly*, for appellees.