## A97A2131. McNEAL et al. v. DAYS INN OF AMERICA, INC. et al.
(498 SE2d 294)

BIRDSONG, Presiding Judge.

Roy David McNeal checked into the Days Inn in Rome, Georgia, on May 9, 1994, after he and two co-workers had driven from Jacksonville, Florida, to perform work in that city. After checking in at 10:00 p.m., the men walked to a next-door Shoney's restaurant for dinner. They walked back to the Days Inn at about 10:30 p.m., and they were attacked in the hotel parking lot by at least four men who had followed them into the parking lot. McNeal's left eye socket, cheek bone and nose were broken, and his injuries are permanent.

McNeal and his wife filed suit against Days Inn of America, Inc. and Bhaga Patel and Pankajkumar Patel, Ltd., a general partnership d/b/a Days Inn of Rome, Georgia, on grounds that defendants were negligent in failing to use ordinary care in keeping its premises safe for guests and failing to provide adequate security after knowing of prior similar incidents or assaults upon its guests, and that their negligence was the proximate cause of McNeal's injuries and damages.

The trial court granted summary judgment to defendants, while reciting the several criminal incidents which had occurred on the property, including one which began at a nearby housing project. The trial court also recited as relevant to its award of judgment to the defendants the fact that defendants had hired a security guard but his working hours were only from 11:00 p.m. until 5:00 a.m. and he had not arrived on the hotel premises when the attack on McNeal took place, and the fact that this guard had very little formal training in the security field and had a past criminal record himself and was charged with the offense of assault and battery upon a fellow employee while employed as a security guard for the motel. The trial court also recited evidence by affidavit in which an expert affied that a security guard should have been on duty no later than 9:00 p.m. for the safety of the guests, and that the motel should have installed a video camera and monitoring system for the parking lot where this attack on plaintiff occurred. The trial court also recognized that a proprietor who has knowledge of prior burglaries must understand that it is not unreasonable to anticipate the risk of personal harm to a tenant which might occur in a burglary. Despite the fact that plaintiffs cited a history on the premises of vandalism, trespassing, a prior assault on a security guard as well as the others stated above, the trial court refused to "extend" this foreknowledge of criminal acts to the brutal attack which occurred in this instance, for "[t]here was no attempt of robbery but the incident appeared to be something that could have been a retaliation for what transpired off the motel property." For the latter speculation, no evidence is provided by the trial

court except the evidence that immediately before McNeal walked into the motel parking lot, the occupants of a passing truck blew their horn and he threw up his hand as if to wave, thinking they might be someone he knew. The trial court concluded the plaintiffs' injuries "did not flow from any wrongful act or omission attributed to the defendants and could not have reasonably been expected to have resulted therefrom. Had the motel guests gotten in their automobile, driven some distance from the motel property, had some incident with another driver, returned to the property of the motel, was followed by the other driver who attacked the motel guest while on motel property, [t]his type of situation is not foreseeable and this [trial] [c]ourt does not extend the liability of the defendants to the incident involved herein." The trial judge also reasoned that the motel could not be liable for the attack on its premises because *other guests came to McNeal's aid and ran off the attackers.*

Plaintiffs appeal. *Held:*

The trial court erred in taking this case from a jury and in deciding factual questions based on its own speculation that this attack on defendants' premises "could not have reasonably been expected to have resulted" from an omission by the defendants. The law does not require that the owner of premises must be able to "expect" a certain incident to occur. Nor is there any relevance to the factual issues in this case of the trial court's speculation that liability would not extend to these defendants because such an attack on hotel premises is not foreseeable in a hypothetical case wherein a hotel guest got in his car, "[drove] some distance from the motel property, had some incident with another driver, returned to the property of the motel, was followed by the other driver who attacked the motel guest while on motel property."

The trial court erred in holding, as a matter of law and beyond any genuine issue of material fact, that the assault in this case was not foreseeable and that there was no proximate cause between defendants' acts or omissions and David McNeal's injuries. The plaintiffs showed evidence that several criminal acts had previously occurred in this Days Inn parking lot and its other premises, including the fact that several persons were arrested in the Days Inn parking lot for engaging in a violent melee which began in a nearby housing project. Plaintiffs also produced expert testimony that in light of prior criminal incidents the security provided by the hotel was inadequate, particularly including the fact that no security guard came on duty until 11:00 p.m. and no video camera and monitoring equipment existed either to deter such criminal acts or to protect hotel guests from their occurrence.

There is no logic or reason in the main part of the trial court's judgment analysis whereby it removed this case from a jury. In par-

ticular, there is no logical relation between the undisputed facts of this case and the trial court's purely speculative conclusion about the hotel's liability in a "hypothetical" case wherein a hotel guest drove some distance away, got into a ruckus and brought it home with him to the hotel. This speculation is not supported by evidence. Moreover, such speculation or inference is improper inasmuch as on defendants' motion for summary judgment, the trial court was required to construe all evidence in favor of the plaintiffs (*Abdalla v. DDBC, Inc.*, 216 Ga. App. 667 (455 SE2d 598)); the trial court is not permitted to ignore the plaintiffs' evidence on defendants' motion for summary judgment, for the jury alone is permitted to make such findings of fact and credibility. Moreover, that this case contains issues of fact to be decided only by a jury is proved by the fact that fine factual distinctions as to the types of previous crimes committed on the premises must be so extensively argued and counterargued, disputed and debated by the parties so as to show no similarity or warning therein and by the fact that the trial court concluded that such previous occurrences must have led the defendants to "expect" this particular attack.

In *Walker v. St. Paul Apts.*, 227 Ga. App. 298, 300 (489 SE2d 317) we held that if a proprietor has *reason to anticipate a criminal attack*, he has a duty to exercise ordinary care to guard against harm from *dangerous characters*. The incident causing the injury must be *substantially similar in type* to the previous criminal activities on *or near* the premises so that a *reasonable* person would take *ordinary* precautions to protect his invitees against *the risks posed by that type of activity*.

In *Walker v. St. Paul Apts.* we held as to foreseeability of a brutal criminal attack, that it is improper *for the trial court*, by refusing to admit certain evidence, to distinguish between criminal attacks involving brutal physical assault and those which did not, for this incorrectly suggests the landlord could lawfully be required to safeguard his tenants only from persons who commit criminal acts without accompanying physical harm. It is true that the prior criminal activity must be substantially similar to the crime in question, but it is not required to be "identical"; it is required only that the prior incident be *sufficient to attract the landlord's attention to the dangerous condition which resulted in the physical assault on McNeal. Walker v. Sturbridge Partners*, 221 Ga. App. 36 (470 SE2d 738), aff'd, 267 Ga. 785 (482 SE2d 339).

The question of reasonable foreseeability of a criminal attack as well as the question of what is "ordinary" care on the defendant's part are generally for a jury's determination rather than for summary adjudication by the courts. *Walker v. St. Paul Apts.*, supra; *Sturbridge Partners*, supra at 786; *Lay v. Munford, Inc.*, 235 Ga. 340,

341 (219 SE2d 416). There may have been fewer previous criminal incidents in this case than there were in *Walker v. St. Paul Apts.* but we do not judge these cases on the basis of mere numbers or severity of prior criminal acts. What matters is the *foreseeability of the potential* for a criminal act on the premises, even if it began elsewhere. The jury must decide whether the prior incidents would have forewarned the defendants of a *dangerous condition of serious crime in the area and on the premises* and of *the risks posed by dangerous characters*. Id. It is not required that the same severity of criminal attack on a person must have previously occurred in certain numbers, for the viability of the law rests on the premise that there is a first time for everything. All that is required to survive a summary judgment motion by the defense is evidence that "the particular danger which resulted in the assault on plaintiff in this case was foreseeable under all the circumstances" and that the defendants were negligent in failing to exercise ordinary care to guard against it. Id. at 301.

In cases of violent criminal attacks on hotel guests, as in other cases, the proprietor owes only the duty of ordinary care. See OCGA § 51-3-1. But the components of "ordinary care" are always tailored to the circumstances and what is "ordinary care" may vary more intensely with the degree to which guests must submit their persons to the hotel's control, just as the patron's duty for his own care may vary with the degree to which he might reasonably believe he may relax or let down his guard. What is "ordinary care" of a hotel in one case may not suffice with regard to another hotel. The plaintiff here, McNeal, may have had considerably less information than did the defendants about the safety of the hotel area, the risk to which he was exposed on its premises and at its approaches, and the provision of hotel security or lack thereof.

These questions are for a jury under all the circumstances of the case (*Walker v. St. Paul Apts.*, supra), and they combine to address the question whether the hotel exercised ordinary care in the circumstances. The jury is the best judge of whether the hotel is located in an area which was such that a criminal assault on a hotel guest in the parking lot at night before the security guard arrived at 11:00 p.m. was reasonably foreseeable to defendants, and whether their failure to exercise ordinary care resulted in the hotel guest's injury.

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED FEBRUARY 26, 1998 

*Jones, Byington, Durham & Payne, Frank H. Jones*, for appellants.

*Gorby & Reeves, Michael J. Gorby, Karen E. Cooper*, for appellees.