## 63173. PANOS et al. v. DEPARTMENT OF TRANSPORTATION.

SHULMAN, Presiding Judge.

The Department of Transportation (D.O.T.) initiated this condemnation proceeding by filing a declaration of taking pursuant to Code Ann. § 95A-605. In order to widen Lawrenceville Highway in DeKalb County, D.O.T. sought .017 acres of a shopping center parking lot owned by appellants. In the third trial of the issue, the jury returned a $2,000 verdict for appellants and judgment was entered thereon. Appellants now appeal, alleging 21 enumerations of error.

1. Appellants' first five enumerations concern the grant of D.O.T.'s motion in limine by the second trial judge in this case, and the denial by the third trial judge of appellants' motion to rescind and modify the order granting the motion in limine.

Appellee asserts that four of the five alleged errors have not been preserved for appeal since no evidence tendered by appellants at the third trial was excluded. In light of the Supreme Court's holding in *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284 (1) (260 SE2d 20), we conclude that appellants need not have attempted at trial to introduce evidence ruled inadmissible in a pre-trial motion in limine in order to preserve that ruling for appeal. Thus, we will consider appellants' enumerations concerning the grant of the motion in limine.

2. If, as the Supreme Court held in *Harley-Davidson Motor Co.*, supra, p. 286, fn. 2, the denial of a motion in limine is harmless when the evidence is not offered at trial, logic compels the conclusion that the grant of a motion in limine is harmless when the evidence is admitted at trial. Therefore, since testimony concerning the placement of fill dirt was allowed, there is no merit to appellants' contention that the grant of the motion in limine disallowing that evidence was error. Furthermore, it was not error to rule inadmissible a May 1978 letter from D.O.T. to appellants. The letter, in which appellee stated that it was willing to pay appellants $11,755.00 for their affected property, was sent before the D.O.T. substantially changed its original construction plans. Thus, the letter and the amount stated therein were irrelevant to the issue of just and adequate compensation under the revised D.O.T. plans. Similarly, evidence of flooding caused by leaking drainage pipes installed 20 years ago is not admissible in this condemnation proceeding. Finally, any issues involving damages to the remainder of the property from the collection and discharge of surface water caused by negligent or improper construction of the improvement "are not proper for

consideration in a condemnation proceeding, but are the subject of a separate suit for damages." *McArthur v. State Hwy. Dept.,* 85 Ga. App. 500 (69 SE2d 781). It goes without saying that since it was not error to grant the motion in limine, it was not error to refuse to rescind or modify it.

3. The verdict was within the range of the evidence and therefore its sufficiency cannot be successfully attacked. See *Theo v. D.O.T.,* 160 Ga. App. 518 (2) (287 SE2d 333).

4. Appellants label as erroneous several of the trial court's evidentiary rulings, one of which concerned the viewing of the premises by the jury, a matter within the discretion of the trial court. *State Hwy. Dept. v. Andrus,* 212 Ga. 737 (95 SE2d 781). Allowing the jury to view the rear of the property in question was not abuse of that discretion, since that area was within the remainder and a witness for appellants had testified about the area. Nor was it error to admit photographs of the property in question, which photos included portions of adjoining property. Contrary to appellants' assertions, these photographs were not admitted to show the value of the adjacent property, but only to show the property in question as fully as possible. Any possible confusion the pictures may have raised in the jury's mind concerning the boundaries was laid to rest by the actual viewing of the premises (at which time the boundaries of the premises in question were demarcated by ribbons or string).

5. Moreover, it was not error to refuse to admit photographs depicting a portion of the site during construction. Appellants assert that the photographs were offered to show the increase in the grade of the parking lot after the easement was taken. The trial court's exclusion was proper in light of the rule that "[d]amages caused by mere temporary inconvenience due to the construction of the project for which the property was taken is not a proper element for consideration in determining just and adequate compensation for condemned realty. [Cits.]" *Southwire Co. v. D.O.T.,* 147 Ga. App. 606, 610 (249 SE2d 650). Other photographs taken after completion of the construction and which were admitted into evidence were sufficient to illustrate the point appellants contend the refused photographs were to make.

6. Appellants also maintain that the admission of profile maps and the construction plan which depicted appellants' property vis-a-vis the highway expansion project was error because the evidence was not properly authenticated. However, the engineer responsible for the preparation and planning of the project testified that the evidence in question was prepared under his supervision and was an accurate depiction of the information contained in field notes prepared and filed in his office concerning the project. " '[W]here a

witness testifies as to the correctness of the drawing . . . it is not essential that the witness testifying to the correctness of the drawing, or plat, be the one who made it.' [Cits.] As this witness' testimony was sufficient to establish correctness, the admission of the exhibit was not erroneous for the reason assigned. [Cits.]" *Fountain v. MARTA,* 147 Ga. App. 465, 468 (249 SE2d 296).

7. Four of appellants' enumerations of error focus on the testimony of the D.O.T.'s appraiser, Harvey Hooks. Appellants first complain that testimony regarding the American Institute of Real Estate Appraisers, of which Hooks stated he was a member, was irrelevant. However, such testimony was explanatory of the witness' professional qualifications and, as such, was relevant evidence. Furthermore, such testimony was beneficial to appellants since their appraiser also testified that he was a member of the American Institute of Real Estate Appraisers.

8. Appellants complain that it was reversible error to allow Mr. Hooks to mention various methods of evaluation available to appraisers when evaluating property. We find no error.

9. In explaining how he had arrived at his valuation estimate, Hooks mentioned the 1973 sale of what he believed to be comparable property. Appellants' motion to strike that testimony was granted, but their motion for mistrial was denied. " 'The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with. [Cits.]' " *Bowman v. Bowman,* 230 Ga. 395, 396 (197 SE2d 372). Having concluded that the harm, if any, was cured by the trial court's instruction to strike the offending testimony, we cannot say that the trial court abused its discretion by refusing to grant a mistrial.

10. After the trial court ruled out Hooks' testimony concerning another sale, Hooks was permitted, as an expert, to give his opinion of the value of the property taken. The allowance of that testimony is enumerated as error.

In *White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385), overruled on other grounds, *DeKalb County v. Trustees, &c. Elks,* 242 Ga. 707 (251 SE2d 243), the Supreme Court held that evidence of sales of comparable property not too remote in point of time could become relevant as the basis of an expert's explanation as to how he arrived at his valuation. When such use is made of evidence of comparable sales, no foundation need be laid concerning the similarity of the property. "[W]hether or not the property is sufficiently similar, and the sale sufficiently close in point of time, is evidence from which the jury may determine the credibility of the expert and, even though of doubtful

probative value, is admissible for this purpose." *White,* supra, pp. 345-346. Since the testimony touching on sales of other properties was introduced to explain the expert's opinion and not as direct evidence of value, no foundation of similarity was necessary and it was not error to allow the expert to voice his opinion.

11. The trial court did not err when it charged the jury that a property owner is not entitled to access at all points in the boundary between the property and the street if entire access has not been cut off and he is offered a convenient access to his property and the improvements thereon. The charge was a correct statement of the law (see *Brock v. D.O.T.,* 151 Ga. App. 905 (262 SE2d 156)), and is applicable in cases where the property owner had utilized his entire street boundary as access prior to the taking.

12. As was the case in *Theo v. D.O.T.,* supra, p. 520 (a case involving the parcel of land adjacent to the property in issue in this case), "[t]he judge did not err in charging the jury that a condemnee cannot recover for mere inconvenience in the use of his property resulting from the condemnation, except insofar as such inconvenience is shown to affect the value of the remaining property as an item of consequential damages. [Cit.] The charge was a correct statement of law and could not have harmed the appellants, particularly if, as they allege, they were not seeking damages for such inconvenience."

13. Enumerated as error is the trial court's refusal to give five requested charges. After comparing the requested charges with those given, we conclude that the former contain nothing of substance not covered in the charge as given. We find no error in the court's refusal. *Theo v. D.O.T.,* supra, Division 9.

14. Finally, we conclude that, in light of the above, it was not error to enter judgment on the jury verdict and to deny the motion for new trial.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED APRIL 7, 1982.

*George P. Dillard,* for appellants.
*Jay D. Bennett,* for appellee.