72009. ESTATE OF SAM FARKAS, INC. et al. v. DOUGHERTY COUNTY SCHOOL SYSTEM.
(342 SE2d 501)

POPE, Judge.

Appellant contends the trial court erred in granting appellee's motion in limine which prohibited appellant's expert in this condemnation suit from testifying regarding a prior sale by an adjacent landowner to another condemning authority. Appellant argues such testimony is admissible when the appraiser uses the sale in arriving at an opinion regarding the property which is in dispute and when evidence of the sale is not introduced as direct evidence of a comparable sale. Appellant has supplied us only with the transcript of the hearing on the motion in limine. We do not have the transcript of the trial. Here, appellant would have this court render a ruling, in effect, on an abstract principle of law. Without a transcript of the trial we have no way of determining whether appellant was harmed by the ruling. " 'It is axiomatic in Georgia appellate law that an appellant, to secure a reversal, must show not only error but harm.' [Cit.]" *Clements v. Toombs County Hosp. Auth.*, 175 Ga. App. 651, 653-54 (334 SE2d 188) (1985). "Where there is no transcript of evidence before the

court, we must assume that the evidence authorized the ruling below. [Cit.]" *Favors v. State*, 173 Ga. App. 567 (327 SE2d 543) (1985). In any event, appellant's enumeration of error has been decided adversely to it in the case of *Jordan v. Dept. of Transp.*, 178 Ga. App. 133 (1) (342 SE2d 482) (1986). Therefore, we must affirm the judgment of the trial court.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED MARCH 6, 1986.

*Richard D. Hall*, for appellants.
*Marvin W. Mixon, Jesse W. Walters*, for appellee.