76178. TRUST COMPANY BANK OF NORTHWEST GEORGIA et al. v. SHAW.
(367 SE2d 82)

DEEN, Presiding Judge.

This protracted litigation began when the First National Bank of Rome (FNB) (predecessor to the appellant, Trust Company Bank of Northwest Georgia) commenced a dispossessory proceeding against Jack Shaw, d/b/a Shaw's Furniture Store. Shaw defended on the basis that the leased building was in gross disrepair and that part of the terms of the tenancy had been that no rent would be due until the landlord made repairs. A writ of possession was granted, but the issue of rent due was reserved for jury determination.

Over one year later, Shaw filed a suit against FNB, seeking damages resulting from the failure to repair the building and Shaw's eviction. FNB moved for summary judgment on the basis that this claim should have been asserted in the dispossessory proceeding as a compulsory counterclaim and thus was barred. The trial court denied the motion and *sua sponte* consolidated that civil action with the preced-

ing dispossessory action. In an interlocutory appeal, this court affirmed in part and reversed in part, holding that denial of summary judgment was proper, but that Shaw's claim was a compulsory counterclaim that should have been asserted in the earlier proceeding. However, it still needed to be determined whether the counterclaim could be asserted by amendment, pursuant to OCGA § 9-11-13 (f). *Trust Co. Bank of Northwest Ga. v. Shaw*, 182 Ga. App. 165 (355 SE2d 99) (1987).

Subsequently, the trial court concluded that the criteria for allowing the counterclaim amendment under OCGA § 9-11-13 (f) were not met, but that in reviewing Shaw's answer in the dispossessory proceeding the trial court was of the opinion that the answer's affirmative defenses actually did assert the counterclaim. Since the answer asserted the counterclaim, the trial court allowed the amendment which, under this analysis, merely would add an amount of damages sought. The present interlocutory appeal by the Trust Company Bank followed. *Held*:

Trust Company Bank contends that in no way did Shaw's answer in the dispossessory proceeding state a counterclaim, and that the compulsory counterclaim thus was barred, since the criteria of OCGA § 9-11-13 (f) were not met. Review of the pleadings supports that contention.

In the proposed amended counterclaim, Shaw sought to recover $17,463.63 as lost profits, $50,000 for damaged store inventory, $100,000 punitive damages for FNB's conscious disregard of the consequences of its actions, and attorney fees because of FNB's stubborn litigiousness. These asserted claims and damages are a far cry from the original, asserted defense that no rent would be due until the landlord made the repairs.

Shaw's affirmative defense, if proven, would have operated to defeat the dispossessory and the landlord's recovery of past rentals, but it stated no demand for relief that is characteristic of a counterclaim. " 'A counterclaim by its essential nature goes beyond the defensive and sets up an affirmative demand. It follows that it must state the elements of such a demand, and should state a cause of action in favor of the party alleging it against the plaintiff . . . (A)s a matter of good pleading a counterclaim should be complete in itself, and not intermingled with the defenses in the answer . . .' " *Metro Chrysler-Plymouth v. Pearce*, 121 Ga. App. 835, 841 (175 SE2d 910) (1970). The trial court erred in concluding that Shaw's defense also constituted a counterclaim that could be amended.

*Judgment reversed. Carley and Sognier, JJ., concur.*

Decided March 1, 1988 —
Rehearing denied March 14, 1988 — 

*Robert L. Berry, Jr., Terri S. Patterson, Walter J. Matthews*, for appellants.
*Wade C. Hoyt III*, for appellee.