## A98A1464. ZONE ENTERPRISES, INC. v. GEO. L. SMITH II GEORGIA WORLD CONGRESS CENTER AUTHORITY.

(506 SE2d 424)

ANDREWS, Chief Judge.

Zone Enterprises, Inc. appeals from the judgment entered on a jury verdict awarding a sum as just and adequate compensation for the taking of Zone's leasehold interest in property condemned by the Geo. L. Smith II Georgia World Congress Center Authority to create a public urban park known as Centennial Olympic Park. Zone claims the trial court erred by granting the Authority's pretrial motion in limine seeking exclusion of certain evidence of losses incurred by Zone in the taking.

Zone leased property in which it operated a nightclub at 187 Walton Street in Atlanta. The property was located on .33 acre of land lying within a larger tract of land approximately 21 acres in size which the Authority was empowered to acquire by purchase or eminent domain to create the park. Pursuant to the Authority's petition to condemn the .33-acre tract filed under OCGA § 22-2-100 et seq., a special master awarded Zone $150,000 for its leasehold interest on May 30, 1995. Zone appealed from the award to the superior court for a jury trial on the issue of just and adequate compensation. After a trial, the jury awarded Zone a total of $182,000. It is undisputed that the date of taking of the property was July 20, 1995, the date the Authority paid the original $150,000 award into the registry of the court. It is also undisputed that the .33-acre tract of land on which Zone held its leasehold interest was one of the last tracts of land purchased or taken by the Authority to complete its acquisition of the 21-acre tract comprising the park.

In a pretrial motion in limine, the Authority sought to prevent Zone from introducing certain evidence in support of its claim for compensation for the taking of its leasehold and for business damage. In its order granting the motion in limine, the trial court "exclude[d] all evidence of Zone's damages based on the premise that Zone's property was unique or enjoyed an increase in value as a result of its status as one of the last parcels acquired for inclusion in the Park." The trial court found that the Authority was not seeking to exclude evidence that the condemned property had an enhanced value based on an announcement that the 21 acres was to be acquired as a park, but "[r]ather [the Authority was] only seek[ing] to exclude evidence of any enhanced value or uniqueness Zone's property may have enjoyed because of its position near or at the end of the Park's condemnation process." The trial court concluded that: "When various parcels of a multi-tract property are being condemned for the same public improvement, the sequence of when each parcel is condemned generally is the result of many factors wholly unrelated to the parcel's

value. . . . Because of the arbitrary nature of the scheduling [of each condemnation action], the sequence in which parcels in this type of situation are condemned cannot create value."

The trial court's order had the effect of excluding a broad range of potential evidence of value and was contrary to the holding of the Supreme Court in *Hard v. Housing Auth. of Atlanta*, 219 Ga. 74 (132 SE2d 25) (1963). In *Hard*, the Supreme Court reiterated that the requirement of the Georgia Constitution for payment of just and adequate compensation for private property condemned for public use mandates that such compensation cover the value of the property at the time of its taking. Id. at 75-76. Applying this rule, the Court in *Hard* held that compensation required to be paid for the subject property was the value of the property at the time of the taking, including any enhanced value the property may have acquired as a result of the fact that it was being condemned as part of a public project in the area. Id. at 76-80. For example, the Court noted that, in estimating the market value of property condemned as part of a public project, it is proper to consider not only the condition of the property at the time of its taking and the use to which it is then applied by the owner, but also all the capabilities and uses to which it may be applied or for which it is adapted as part of the project. Id. at 80. The Court further stated that "[w]hile it might be difficult to see how knowledge of this impending taking of this particular property for urban renewal would enhance its value, yet that is conceivable, and testimony to that effect can not be rejected. Anything that actually enhances the value must be considered in order to meet the demands of the Constitution that the owner be paid . . . adequate and just compensation [for the value of the property at the time of the taking]." Id. at 80.

The trial court's broadly worded order in the present case had the erroneous effect of preventing Zone from producing evidence, if it could, that the property at issue had acquired enhanced value or uniqueness at the time it was taken, regardless of whether it was condemned as one of the first or last tracts to complete the 21-acre park. There is no merit, however, to Zone's argument that the trial court's order was erroneous for the additional reason that it prevented Zone from producing evidence of enhanced value or business losses based on the assumption that Zone could have continued to operate its nightclub in the midst of the park. Obviously, this assumes the impossible. As the Supreme Court stated in *Hard*, this argument "reject[s] the standard of market value in favor of a hypothetical value based on the utterly fallacious assumption that [the property] will remain in private ownership adjacent to the improvement. . . ." Id. at 80.

Although the trial court erred in granting the motion in limine,

there is no evidence in the appellate record showing the enhanced value or business loss that Zone was prevented from introducing at trial. Because Zone specifically stated in its notice of appeal that "[n]o part of the transcript of evidence and proceedings is to be included within the record on appeal," we are unable to determine if a proffer of excluded evidence was made at trial. The only evidence produced by Zone to show what it would have produced at trial absent the trial court's order granting the motion in limine was the deposition testimony of an appraiser, James H. Pritchett.

Pritchett testified that, on the date of the taking, the property had unique value by virtue of its location in the center of the park. He gave no testimony as to the amount of any enhanced value or business loss based on the uniqueness of the property. Furthermore, in explaining how he concluded the property had unique value, Pritchett testified that: "I do think that it does have a unique value by virtue of being right in the center of the park, that it was there, that it was planned on that; and if this property had not been taken, someone would have paid a great deal of money to have this piece of property located where it was." In essence, Pritchett's opinion that the property had unique value was based on the fallacious assumption that it could continue to operate as a nightclub at that location in the middle of the park. However, when confronted with the practical reality that the property had been condemned as part of the park, Pritchett conceded that knowledge the property was being condemned for the park would cause it to sell at "a very reduced price."

Since there is no evidence in the record that Zone was erroneously prevented from introducing evidence it was entitled to produce in support of its claim for compensation, Zone has not demonstrated that it was harmed by the trial court's order granting the motion in limine. *Estate of Sam Farkas, Inc. v. Dougherty County School System*, 178 Ga. App. 135 (342 SE2d 501) (1986); *Dean v. Oglethorpe Power Corp.*, 179 Ga. App. 528 (346 SE2d 906) (1986). To obtain a reversal, an appellant must show by the record on appeal, not only error, but harm. *Estate of Sam Farkas*, 178 Ga. App. at 135; *Bagley v. CSX Transp.*, 219 Ga. App. 544, 547 (465 SE2d 706) (1995).

The case of *Panos v. Dept. of Transp.*, 162 Ga. App. 53 (290 SE2d 295) (1982), cited by Zone, is not authority to the contrary. In *Panos* the appellants claimed the trial court erred by granting a motion in limine excluding certain evidence, and we addressed the claim that the error was not preserved for review because no evidence tendered by the appellants at the trial was excluded. We concluded that "appellants need not have attempted at trial to introduce evidence ruled inadmissible in a pre-trial motion in limine in order to preserve that ruling for appeal." Id. This ruling does not obviate the need to proffer or otherwise make part of the record evidence which an appel-

lant later claims was erroneously excluded by the trial court in a pretrial motion in limine. In the absence of any such evidence in the record, this Court is unable to review a claim that such evidence exists and that Zone was harmed by its exclusion.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 4, 1998.

*McKee & Barge, Patrick W. McKee,* for appellant.

*Thurbert E. Baker, Attorney General, Zachary & Segraves, Kenneth L. Levy,* for appellee.