A01A2014. SCOTT et al. v. LAROSA & LAROSA, INC.
(559 SE2d 525)

SMITH, Presiding Judge.

This appeal arises out of the trial court's order granting summary judgment to LaRosa & LaRosa, Inc. The court concluded that the narrative portion of a police report showed that two employees of LaRosa & LaRosa were not acting within the scope of their employment when the decedent in this case was killed in a collision involving a car loaned out by one of the employees. Because the narrative was not admissible as a business record under the recent decision of *Brown v. State*, 274 Ga. 31 (549 SE2d 107) (2001), and because issues of fact exist as to whether the individuals responsible for the car were employed by LaRosa & LaRosa, we reverse.

Ethel Scott, as administratrix of Zachery Scott's estate, along with the guardians of Scott's surviving minor children, filed this action against Naim Roberts, John Foster, Joseph LaRosa, and LaRosa & LaRosa, Inc., among others, after Zachery Scott was killed in a collision involving a car driven by Roberts and a motorcycle driven by Scott. The plaintiffs sought to impose liability on LaRosa & LaRosa under the theory of respondeat superior by alleging that while acting within the scope of their employment with LaRosa & LaRosa, Inc., Foster and Joseph LaRosa negligently allowed Roberts to drive the rental vehicle for which they were authorized drivers.

LaRosa & LaRosa moved for summary judgment. The corporation first contended that neither Foster nor LaRosa was employed by LaRosa & LaRosa at the time of the accident, relying on the affidavit of Douglas LaRosa, its president.[1] Second, LaRosa & LaRosa argued

---

[10] *Williams v. State*, 268 Ga. 452, 455 (3) (490 SE2d 381) (1997).
[1] Douglas LaRosa is the son of Joseph LaRosa.

that even if Foster and Joseph LaRosa were employees of the corporation, neither was acting within the scope of his employment at the time Roberts was allowed to drive the rental car. The corporation based this argument on the narrative portion of the police report concerning the accident.[2] According to the narrative, Foster told the investigating officer that he had lent the car to an individual named Terry Brown in exchange for crack cocaine. The narrative similarly recounted the investigating officer's interview with Roberts, who allegedly told the officer that he gave Foster crack cocaine in exchange for use of the car. The officer who prepared the report did not testify on deposition. Instead, the supervisor of the records section of the police department identified the report during his deposition. LaRosa & LaRosa argued that this evidence, admissible as a business record under OCGA § 24-3-14, showed that Foster and Joseph LaRosa were not acting within the scope of their employment when Roberts was allowed to use the car. The trial court agreed and granted summary judgment to the corporation, stating that "the actions of John Foster in trading the vehicle for crack cocaine were not within the scope of his employment with LaRosa and LaRosa, Inc." From this ruling, Ethel Scott and the other plaintiffs appeal.

We first address the trial court's conclusion, based on the police report narrative, that Foster and Joseph LaRosa were not acting within the scope of their employment when Roberts was allowed to drive the car. But in *Brown,* supra, the Supreme Court of Georgia considered the admissibility of narrative portions of police reports as business records. Id. at 32 (1). The Court found that "police work is often heavily influenced by the beliefs, impressions, and, at times, hunches of the investigating officer. It is because of these difficulties that police report narratives do not fit easily within the business records exception to the hearsay rule." Id. at 33 (1). Because these narratives do "not have the reliability inherent in other documents that courts have traditionally considered to be business records," id., the Supreme Court held that they "are not the appropriate subject of an exception to the hearsay rule." (Footnote omitted.) Id. Clearly, under *Brown,* the trial court erred in relying on the narrative in this case.[3] Consequently, its ruling was based on mere hearsay, which has no probative value, whether objected to or not. See, e.g., *White Missionary Baptist Church v. Trustees of First Baptist Church &c.,* 268

---

[2] The narrative indicated that interviews of the witnesses had been taped, but the tape does not appear to have been introduced as evidence in the trial court.

[3] Although *Brown* was decided after the trial court granted the motion for summary judgment filed by LaRosa & LaRosa, the decision addressed a rule of evidence, which is procedural. Consequently, we may apply the rule stated in *Brown* to the facts of this case, as its application will not affect a vested right of LaRosa & LaRosa. See *Drake v. LaRue Constr. Co.,* 215 Ga. App. 453, 455-456 (2) (451 SE2d 792) (1994).

Ga. 668, 669 (492 SE2d 661) (1997). Without the information contained in the narrative, the evidence submitted by LaRosa & LaRosa on the issue of whether Foster and Joseph LaRosa were acting within the scope of their employment was not sufficient to pierce the pleadings of the plaintiffs, and summary judgment on this ground was not warranted.

Furthermore, the evidence was in conflict as to whether Foster and Joseph LaRosa were employed by LaRosa & LaRosa at the time of the collision, which occurred in Savannah. On one hand, Douglas LaRosa stated in his affidavit that neither Foster nor Joseph LaRosa worked for the corporation at the time of the incident, that LaRosa & LaRosa did not have a contract to perform construction work in Savannah, and that LaRosa & LaRosa did not rent or pay for the rental of the vehicle involved in the accident. Joseph LaRosa's deposition also appears in the record. He testified that he once worked for LaRosa & LaRosa, a family business and general contractor, and began doing brick and concrete work on certain churches, which required travel. He stated that he later began performing church jobs "on my own" and that he received all of the profit from those jobs.

On the other hand, Joseph LaRosa's deposition also shows that with regard to the church jobs, the checks issued by the project manager were payable to LaRosa & LaRosa. In addition, LaRosa & LaRosa purchased insurance for the jobs, and the corporation's name appeared on the certificates of insurance. Furthermore, Joseph LaRosa's application for a rental car indicates that his employer was "LaRosa & LaRosa," and his application for apartment rental in Savannah lists "Self LaRosa & LaRosa" as his employer.

It is axiomatic that cases requiring factual determination are not susceptible to disposition by summary judgment. "It is only where the facts conclusively show by plain, palpable and undisputed evidence that one or the other party is entitled to judgment that the case properly may be resolved as a matter of law through the vehicle of summary judgment." (Citations and punctuation omitted.) *Godwin v. Johnson*, 197 Ga. App. 829, 831 (1) (399 SE2d 581) (1990). Joseph LaRosa testified that the checks issued by the project manager for which he performed the church jobs were deposited into his own separate account, that he paid all expenses and received all profits from the church jobs, that the jobs were "all mine," that LaRosa & LaRosa had no financial interest in those jobs, and that he did not rent the car "under LaRosa & LaRosa." But his deposition also shows that LaRosa & LaRosa may have been involved, at the very least administratively, with LaRosa's projects. The corporation received and deposited his checks and paid for his insurance. In addition, he indicated on two different rental applications that he was employed by LaRosa & LaRosa. He also testified that the corporation was simply

a "conduit" or name to obtain contracts and insurance, apparently attempting to imply that his business was separate from that of LaRosa & LaRosa. But given the facts of record, we simply cannot conclude that the evidence is "plain, palpable, and undisputed" that LaRosa & LaRosa was a separate entity and that Joseph LaRosa, for whom Foster worked, was not employed by that corporation. The record consequently does not support an award of summary judgment to LaRosa & LaRosa. We therefore reverse the judgment of the trial court.

*Judgment reversed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 28, 2002.

*Lester B. Johnson III*, for appellants.
*Carter & Ansley, Ben Kingree III*, for appellee.