A05A0931. SCOTT v. LAROSA & LAROSA, INC.
(619 SE2d 787)

ADAMS, Judge.

In this tort suit, Ethel D. Scott, as administratrix of the estate of Zachary J. Scott, alleges that LaRosa & LaRosa, Inc. and others should be liable for Zachary's death because the company's employees

---

[1] 279 Ga. 396 (614 SE2d 79) (2005).
[2] 268 Ga. App. 231 (601 SE2d 708) (2004).

or agents negligently entrusted a rental car to an unauthorized and unlicensed driver who subsequently caused Zachary's death. In the second appearance of this case in this Court, Scott appeals from the trial court's second grant of summary judgment in favor of LaRosa & LaRosa. See *Scott v. LaRosa & LaRosa, Inc.*, 253 Ga. App. 489 (559 SE2d 525) (2002).

1. In the prior case, this Court held that an issue of fact remained as to whether the individuals responsible for the car, John Foster and Joseph LaRosa, were employed by LaRosa & LaRosa, and further held that the company had failed to pierce the pleadings on the issue of whether those men were acting within the scope of their employment when the car was entrusted to Naim Roberts. *Scott v. LaRosa & LaRosa, Inc.*, 253 Ga. App. 489. Therefore summary judgment had to be reversed. Id. Under the law of the case rule, that decision is binding on all subsequent proceedings in the lower court unless there has been a change in the evidentiary posture of the case. OCGA § 9-11-60 (h); *Brown v. Piggly Wiggly Southern*, 228 Ga. App. 629 (1) (493 SE2d 196) (1997); *Faircloth v. A. L. Williams & Assoc.*, 219 Ga. App. 560, 561 (2) (465 SE2d 722) (1995).

The only discovery introduced subsequent to the trial court's first grant of summary judgment is the deposition of Foster; and the only new evidence from that deposition upon which the company relies is Foster's admission that he delivered the car to Roberts. This fact alone does not alter the result found in our earlier opinion on the issues presented therein. It does not prove anything about Foster's agency or employment status or about whether he was acting within the scope of his employment at the time.

LaRosa & LaRosa also contends that two admissions in judicio establish that Foster gave Roberts the car and permission to drive in exchange for receiving crack cocaine, which they urge shows that Foster was acting outside of the scope of his employment. We find this contention to be frivolous for two reasons.

First, both of the alleged judicial admissions were in the record at the time of the first motion for summary judgment. In the first purported judicial admission, Roberts admitted *in his initial answer* that he received permission from Foster to drive the car. And the second purported admission is found in the plaintiff's brief in opposition to the first motion for summary judgment. Next, the second purported admission — that Foster accepted cocaine in exchange for the car — is based on this statement from the plaintiff's brief:

> On or about April 19, 1997, Defendant John J. Foster gave permission to Defendant Naim T. Roberts to drive the [car] *allegedly* after receiving crack cocaine from him. . . .

(Emphasis supplied.) We should not have to state that writing that something allegedly happened is not an admission in judicio.

Because the only new evidence offered — that Foster delivered the car to Roberts — does not resolve the issues presented in the first appeal, this Court's original decision remains in effect as to those issues.

2. Nevertheless, even if there is an issue of fact regarding whether LaRosa & LaRosa can be liable for Foster's actions, there is no claim unless Foster would be liable on his own. Scott alleges that Foster negligently entrusted the car to Roberts.[1] "In a negligent entrustment claim, liability arises from the 'negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless.' " (Footnote omitted.) *Butler v. Warren,* 261 Ga. App. 375, 376 (1) (582 SE2d 530) (2003).

"A defendant who will not bear the burden of proof at trial need only show an absence of evidence to support an essential element of the nonmoving party's case. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991)." *Latson v. Boaz,* 278 Ga. 113 (598 SE2d 485) (2004). In this case, LaRosa & LaRosa has shown an absence of evidence in the record to show that Foster had actual knowledge that Roberts was an incompetent or habitually reckless driver. Although it is alleged that Roberts did not have a license, and that Foster was negligent and reckless by failing to ascertain whether Roberts had a license, even if true, those facts do not create liability. "The entrustor is not liable merely because he or she, by the exercise of reasonable care and diligence, could have ascertained the fact of the incompetency of the driver." (Citation and footnote omitted.) *Upshaw v. Roberts Timber Co.,* 266 Ga. App. 135, 137 (2) (596 SE2d 679) (2004). See also *Taylor v. Duren,* 213 Ga. App. 691, 692 (1) (445 SE2d 820) (1994).

3. Scott contends that the trial court should not have considered Foster's deposition because Foster walked out of the deposition before it was over. Scott also contends the trial court should not have ruled on the motion for summary judgment until the deposition could be completed. Scott raised these same points in her trial court brief in opposition to the second motion for summary judgment.

Foster's deposition was taken in Florida, where he resided, on January 19, 2004. Foster walked out before the deposition was completed. But there is no evidence in the record that Scott attempted to complete the deposition or take any other steps to obtain the discovery before the court ruled on the motion for summary judgment on September 23, 2004. We therefore find no abuse of discretion by the

---

[1] Both parties argue this issue in their briefs.

trial judge in considering the deposition. See OCGA § 9-11-32. See generally *Lawrence v. Direct Mtg. Lenders Corp.*, 254 Ga. App. 672, 674 (1) (563 SE2d 533) (2002) (trial court did not abuse discretion by denying defendant's motion for continuance made at start of trial to allow discovery where he failed to act diligently to conduct discovery prior to trial date).

Summary judgment was properly granted.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED AUGUST 12, 2005.

*Lester B. Johnson III*, for appellant.

*Carter & Ansley, Ben Kingree, Brennan & Wasden, Marvin W. McGahee*, for appellee.