A06A1974. COLLINS v. REGIONS BANK.
(639 SE2d 626)

PHIPPS, Judge.

Regions Bank sued Donald E. Collins to recover amounts due under a note he signed. The trial court granted summary judgment to Regions Bank on the issue of liability, and Collins appeals. Because Collins has failed to show error, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] We review a grant of summary judgment de novo and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

In 2000, Collins's friend and business associate, Sam Dunlap, asked Collins to co-sign a note so that Dunlap could obtain from Regions Bank a loan to purchase a yacht. After meeting with a bank representative, Collins did so. When the term of that note was nearing its end, Collins conferred again with the bank representative before executing a second note with Dunlap in May 2002. Funds in connection with that note extinguished the amount due under the initial note.

The 2002 note underlies the instant action. It names Collins and Dunlap as "Borrower" and Regions Bank as "Lender" and states that Collins and Dunlap "jointly and severally promise to pay to RE-GIONS BANK" the principal amount of $1,851,390.02, together with interest. The note also provides that upon default, defined to include "Borrower fails to make any payment when due under this Note," the "Lender may declare the entire unpaid principal balance on this Note

---

[1] OCGA § 9-11-56 (c).
[2] *Brown v. McGriff*, 256 Ga. App. 44 (567 SE2d 374) (2002).

and all accrued unpaid interest immediately due, and then Borrower will pay that amount" and other specified costs.

Neither Collins nor Dunlap made any payment on the note, and Dunlap soon filed for bankruptcy protection. The bank sued Collins, produced the note, showed that Collins had signed it, established that a default had occurred, and then moved for summary judgment.

> [A] plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed. Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense.[3]

Collins presented several defenses. First, he insisted that he had been fraudulently induced into signing the note by the bank's oral assurances that Dunlap was financially sound, that the note was backed by ample collateral, that the bank would satisfy any default from the collateral, and that he would never be called upon to pay any portion of the loan. Citing *Campbell v. C & S Nat. Bank*,[4] the trial court rejected this defense under the parol evidence rule, determining that any such oral assurances contradicted the unambiguous written terms of the note.

Collins also claimed that the note itself showed that he was fraudulently induced to sign it. In addition, he claimed that the bank had committed breach of contract and thereby relieved him of his obligations under the note. On appeal, Collins challenges the trial court's rejection of only these two defenses.[5]

1. Collins maintains that the bank fraudulently induced him to sign the note by misrepresenting underlying collateral. The note contained a clause showing that it was secured by collateral, which included "[v]arious stocks as described in Commercial Pledge Agreement dated April 23, 2001 from Borrower." The commercial pledge agreement, which Dunlap signed initially in connection with a loan separate from the note underlying this case, states that Dunlap, as "Grantor," grants a security interest to Regions Bank, as "Lender," in 90,000 shares of EntreMed, Inc. stock, "which Grantor has delivered

---

[3] *Stewart v. Johnson*, 269 Ga. App. 698, 699 (605 SE2d 111) (2004) (citations omitted); see *Abdalla v. DDCB, Inc.*, 216 Ga. App. 667, 668 (455 SE2d 598) (1995).

[4] 202 Ga. App. 639, 640 (1) (415 SE2d 193) (1992) (where the express terms of the note establish defendant's liability, the oral representations of a bank representative purporting to limit the bank's right of recourse in the event of a default in the payment of a promissory note will not support a defense of fraud in the procurement of the note).

[5] Regions Bank, as a secured creditor under the note, eventually sold the yacht and received proceeds from the sale. The trial court expressly reserved for a future ruling the issues of the commercial reasonableness of the sale and the amount of the indebtedness.

or agrees to deliver (or cause to be delivered or appropriate book-entries made) immediately to Lender." But as Collins points out and as the bank conceded below, Dunlap did not own shares of EntreMed, Inc. stock, but warrants to purchase them.[6] Collins claims that had the note and its referenced agreement accurately reflected such collateral, he never would have signed the note.

One asserting fraud must show five elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages.[7] One challenging an assertion of fraud on motion for summary judgment need show a complete lack of evidence as to only one of these elements.[8]

Among its arguments, the bank claimed that there was no evidence of justifiable reliance. We agree that the record establishes that Collins was not justified in relying upon the collateral clause as any protection against personal liability in case of default. The note provides that, "with or without notice to Borrower," the bank could "release any security, with or without the substitution of new collateral." It provides further that the bank could "fail to realize upon or perfect Lender's security interest in the collateral," that the bank could "take any other action deemed necessary by Lender without the consent of or notice to anyone," and that the bank could "forgo enforcing any of its rights or remedies under this Note without losing them." In signing this note, Collins expressly acknowledged that no collateral stood between him and the bank's right to recover the underlying debt from him personally. Furthermore, Collins's evidence that the bank had orally assured him that collateral protected him from liability was barred by the trial court, and this evidentiary exclusion is not contested on appeal.

Because of the complete lack of evidence as to the element of justifiable reliance on the collateral clause, the trial court did not err in rejecting Collins's defense that he was fraudulently induced into the agreement by its misstatement.[9]

2. Collins maintains that he cannot be held liable, arguing that the bank committed breach of contract because the note misstated the collateral. However, Collins cites no authority that, under the

---

[6] In a brief to the trial court, Regions Bank stated, "The Pledge Agreement admittedly contains a mistake in that it describes the collateral as EntreMed stock rather than warrants."

[7] *ReMax North Atlanta v. Clark*, 244 Ga. App. 890, 893 (537 SE2d 138) (2000); OCGA § 51-6-2 (a).

[8] See *Bogle v. Bragg*, 248 Ga. App. 632, 634 (1) (548 SE2d 396) (2001); *Keene v. Herstam*, 225 Ga. App. 115, 116 (1) (483 SE2d 335) (1997).

[9] See *Parrish v. Jackson W. Jones, P.C.*, 278 Ga. App. 645, 648-649 (629 SE2d 468) (2006); *Stewart*, supra at 700; *Brown*, supra at 45-46 (1).

circumstances presented here, the misstatement relieved him of his duty to pay the underlying debt. Rather, as the trial court found, and as set forth in Division 1,[10] nothing within the collateral clause of the note obligated the bank to perform any promise it failed to undertake. Thus, Collins has not shown any breach of contract by the bank that relieved him of his promise to pay under the note.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED DECEMBER 5, 2006 —

*Forrester & Brim, James E. Brim III, Harmon, Smith, Bridges & Wilbanks, Archer D. Smith III, Hope Barbian Allen,* for appellant. *Smith, Gambrell & Russell, John R. Autry, Thomas M. Barton,* for appellee.