A07A1447. AUTOMATED PRINT, INC. et al. v. EDGAR.

(654 SE2d 413)

JOHNSON, Presiding Judge.

This is a breach of contract case in which the trial court granted summary judgment to the plaintiff on the issue of liability, and a jury then determined the amount of damages. Judgment was entered on the verdict, and the defendants appeal.

Randolph Edgar sold his business, Automated Print, Inc., to William Barney. Edgar, who owned 100 percent of the shares of stock in Automated Print, Inc., sold all of the shares to Barney for $140,000 pursuant to a stock purchase agreement. The stock purchase agreement provides that Barney would execute at closing two promissory notes in favor of Edgar for $110,000 each in consideration for Edgar's agreements to act as a consultant for Automated Print and to not compete with Automated Print. These promissory notes were payable to Edgar in monthly installments.[1]

Automated Print, Inc., through its new president, Barney, executed the promissory notes. Barney personally guaranteed the notes. The promissory notes provide that Automated Print has a "right of set-off" as set forth in paragraph 2.9 of the stock purchase agreement. Paragraph 2.9 (b) provides:

> It is understood and agreed that Buyer expects to continue to employ Larry Cochran as a senior account representative of the Company. Mr. Cochran has been responsible for five key accounts of Company which are known as: 1) NAPA, 2) Georgia Tech (All Departments) 3) Emory Univ. (excluding Alumni) 4) American Software 5) Crawford Communications, (hereinafter the "Key Account(s)"). If Mr. Cochran should leave the employ of the Company for any reason at any time during the first 12 months following closing AND one or more of the Key accounts is lost by Company to Mr. Cochran's new employer; then, and in that event, the Promissory Note(s) may be subject to offset for the loss of gross profits.

The provision then sets out the formula for calculating the "Gross Profit Lost from the Key Account(s)," and the "Gross Profit Added" for increases in profits from other accounts, and states that the Gross Profit Added shall be deducted from the Gross Profit Lost to obtain the Net Offset. The aggregate principal balance then remaining under the promissory notes "shall immediately be reduced by the Net Offset."

Claiming that Automated Print defaulted on the promissory notes and Barney defaulted on his personal guaranties, Edgar sued them for $48,266.47 in unpaid principal and $5,791.98 in interest. Automated Print and Barney (collectively, "Automated Print") filed a

---

[1] The amount due pursuant to the stock purchase agreement was payable at closing and is not at issue in the case.

joint answer in which they admitted executing the notes and guaranty agreements, but denied owing the amount claimed in the complaint. In its answer, Automated Print asserted no counterclaims or affirmative defenses other than "failure to state a claim."

In its first interrogatories to Edgar, Automated Print asked Edgar a series of questions regarding paragraph 2.9 of the stock purchase agreement. In a request for production of documents served on the same date, Automated Print requested all documents Edgar used to calculate the "Net Offset" referenced in paragraph 2.9. A request to admit sought admissions from Edgar regarding the same matters, namely the loss of key accounts, the enforceability of paragraph 2.9, and Automated Print's entitlement to an offset. In his response to the discovery requests, Edgar denied the enforceability of paragraph 2.9 on the grounds that Automated Print "failed to continue to employ" Cochran and that the accounts were not "lost" to Cochran's new employer. In other words, Edgar's position was that neither of the contingencies giving rise to the applicability of the provisions of paragraph 2.9 had occurred.

Edgar served Automated Print with discovery requests. In its responses, Automated Print admitted executing the notes and not making payments when they came due. It also asserted that it was entitled to a recalculation of the amount due pursuant to paragraph 2.9.

Edgar moved for summary judgment, arguing that the record showed that Automated Print executed and defaulted on the notes. Automated Print opposed the motion by arguing that it was entitled, under paragraph 2.9, to an offset of the amount due under the notes because Automated Print lost key accounts to Cochran's new employer when Cochran left. Automated Print submitted an affidavit from Barney in which Barney averred that Cochran left Automated Print within twelve months of the sale, that after he left, Automated Print lost two of the accounts listed in paragraph 2.9 to Cochran's new employer, and that Automated Print was entitled to an offset of $48,266.47 for one of the accounts.

The court entered summary judgment in Edgar's favor as to liability. The court reserved the issue of damages for trial. Edgar then moved in limine to exclude from trial any evidence regarding set-off or recoupment, and to prohibit any reference to paragraph 2.9. Edgar urged that the issues were waived because Automated Print did not assert the counterclaims in the answer.

Automated Print later moved to amend the pleadings to add a defense of payment and a counterclaim of set-off or recoupment. The trial court granted Edgar's motion in limine and denied Automated Print's motion to amend. After a trial on damages, the jury returned a verdict against Automated Print in the amount of $76,054 principal,

$36,444 interest, and attorney fees. Automated Print appeals from the judgment entered on the verdict.

1. Automated Print contends the trial court erred in granting Edgar's motion for summary judgment on the issue of liability. We disagree.

On motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, when given the most favorable inference for the respondent, warrant judgment as a matter of law.[2] The movant may do this by showing that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of either the plaintiff's case or all defenses asserted in the answer of the defendant.[3]

In support of his motion, Edgar pointed to evidence in the record showing that Automated Print executed the notes and defaulted on the payments. In its response to the motion, Automated Print produced no evidence to the contrary. Instead, it pointed to evidence indicating that it owed less than the amount sought in light of the recalculation provision set forth in paragraph 2.9. Edgar established his entitlement to judgment as a matter of law as to liability.[4] We point out that Automated Print states throughout its appellate brief that it "*had already admitted* liability," its "only argument was about what damages [it] owed," and "Edgar and Barney only differ as to this one issue: what is the value of the Note?" Summary judgment may be rendered on the issue of liability alone even if a genuine issue as to the amount of damages remains.[5] The trial court did not err in granting summary judgment to Edgar as to liability and reserving the issue of damages for trial.

2. On the issue of damages, we agree with Automated Print's argument that the trial court erred in excluding from trial evidence and argument regarding paragraph 2.9. In its order granting Edgar's motion in limine, the trial court held that Automated Print waived the argument by failing to assert a set-off or recoupment counterclaim in its answer. This case, however, does not involve set-off or recoupment as those terms are used in the Civil Practice Act.

---

[2] *Five Star Steel Constr. v. Klockner Namasco Corp.*, 240 Ga. App. 736, 737 (1) (524 SE2d 783) (1999).

[3] Id.

[4] See generally *Collins v. Regions Bank*, 282 Ga. App. 725, 726 (639 SE2d 626) (2006).

[5] OCGA § 9-11-56 (c). We note that a trial court may, in its discretion, grant partial summary judgment for a plaintiff and reserve for later determination a defendant's counterclaim which appears valid and may exceed the amount of the plaintiff's claim. *Mock v. Canterbury Realty Co.*, 152 Ga. App. 872, 879 (1) (264 SE2d 489) (1980).

A cardinal rule of contract construction is to ascertain the intention of the parties.[6] In this case, it is clear from the promissory notes and stock purchase agreement that the parties understood that the business being sold would not be as valuable if Cochran left and took certain accounts with him. Paragraph 2.9 was simply a recognition by the parties that if those two events occurred, the business would be worth substantially less and that, accordingly, the promissory notes as originally drafted would not accurately reflect the value of the business. Contemplating that decrease in value, the parties provided within the notes a specific method for recalculating the value of the business if Cochran left and took certain accounts with him. The parties' intent in including paragraph 2.9 was to allow for a reduction in price under a particular specified circumstance, not to provide for a "set-off" as the term is defined by Georgia law.

Under Georgia law, a set-off is a counter-demand which a defendant holds against a plaintiff, arising out of a transaction extrinsic or independent of the plaintiff's cause of action.[7] A set-off allows the defendant to set off a debt owed him by the plaintiff against the claim of the plaintiff.[8] A recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages because the plaintiff has not complied with the cross-obligations or independent covenants arising under the contract being sued upon.[9] Automated Print's argument does not come within the definitions of "set-off" or "recoupment" since there is no claim that Edgar owed any debt to Automated Print,[10] or that Edgar breached a cross-obligation or independent covenant.[11] Automated Print did not purport to set up an affirmative demand and was not asserting a *counterclaim*.[12] Its argument did not involve any independent covenant or tangential matter, but went to the heart of Edgar's claim against Automated Print: what was the value of Automated Print if its key sales representative left soon after the transaction occurred and certain key accounts were lost to his new employer? The parties recognized the value would be reduced, and included a provision allowing for the reduction in value. This is what paragraph 2.9 reflects. In holding the provision was for a recoupment, the trial court exalted form over

---

[6] *Macon-Bibb County Hosp. Auth. v. Continental Ins. Co.*, 196 Ga. App. 399, 401 (1) (396 SE2d 50) (1990).

[7] *Wallis v. B & A Constr. Co.*, 273 Ga. App. 68, 76 (2) (c) (614 SE2d 193) (2005).

[8] OCGA § 13-7-1.

[9] OCGA § 13-7-2.

[10] See OCGA § 13-7-13.

[11] See *Byrom v. Ringe*, 83 Ga. App. 234, 241 (2) (63 SE2d 235) (1951).

[12] See OCGA § 9-11-13 (a), (b); *Trust Co. Bank &c. v. Shaw*, 186 Ga. App. 347, 348 (367 SE2d 82) (1988).

substance. Automated Print was not required to plead its argument as a counterclaim.[13] A question of fact as to value was presented given evidence that the contingencies occurred.

Edgar's contention that Automated Print waived its objection to the trial court's exclusion of evidence and argument regarding paragraph 2.9 by failing to make an offer of proof at trial is without merit. An appellant need not have attempted at trial to introduce evidence ruled inadmissible in a pre-trial motion in limine in order to preserve that ruling for appeal.[14] The evidence which the appellant claims was erroneously excluded in a pre-trial motion in limine does, however, need to be part of the record for this Court to review the matter.[15]

In this case, the evidence at issue is part of the record. In response to the summary judgment motion, Automated Print introduced an affidavit in which Barney averred that Cochran left Automated Print within twelve months of the sale, that after Cochran left the company Automated Print lost two of the key accounts listed in paragraph 2.9 to Cochran's new employer, and that Automated Print was entitled to an offset of $48,266.47 for one of the accounts. Edgar admitted in pre-trial discovery documents that Cochran was no longer employed by Automated Print less than one year after the sale occurred, and that Cochran's new employer provided services to two of the listed accounts. While it is not clear how Barney knew that the key accounts were lost to Cochran's new employer, Barney's affidavit (which stated that his testimony was based on personal knowledge and review of documents and business records) was consistent with Edgar's admissions that Cochran's employment with Automated Print ended months after the sale and Cochran's new employer provided services for two of Automated Print's key customers. The issue was preserved for appeal.

Therefore, the judgment must be vacated on the issue of damages, and the case is remanded for a new trial on that issue.

3. Automated Print contends the trial court erred in granting summary judgment to Edgar when he did not prove all the elements of his claim. As discussed above, Edgar did establish a prima facie case of Automated Print's liability.[16] The provision upon which Automated Print relies is relevant to the issue of the amount of damages. Because the case is being remanded for a new trial on the issue of damages, the issue is moot.

---

[13] See generally OCGA § 9-11-13 (a); *Sampson v. Haywire Ventures*, 278 Ga. App. 525, 526 (629 SE2d 515) (2006).

[14] *Zone Enterprises v. Geo. L. Smith II Ga. &c. Auth.*, 234 Ga. App. 238, 240 (506 SE2d 424) (1998).

[15] Id. at 240-241.

[16] See generally *Collins*, supra.

4. Automated Print contends the trial court erred in refusing to allow it to amend its answer to assert claims of payment, recoupment or set-off, and in failing to exercise its discretion in that regard.[17] As discussed above, Automated Print's defense was not a counterclaim and no amendment was necessary in order to assert the argument that the amount due under the notes had not been properly calculated. This argument presents no basis for reversal.

*Judgment affirmed in part and vacated in part, and case remanded. Phipps and Mikell, JJ., concur.*

DECIDED NOVEMBER 8, 2007.

*Erik H. Olson, Lee T. Wallace*, for appellants.
*Miller & Martin, Jennifer B. Grippa*, for appellee.

---

[17] We need not address the issue of payment, inasmuch as Automated Print states in its brief that its defense was not one of payment.