## A08A1487. NATIONAL SERVICE INDUSTRIES, INC. v. GEORGIA POWER COMPANY.

(670 SE2d 444)

JOHNSON, Presiding Judge.

Georgia Power Company sued its former contractor, National Service Industries, Inc. ("NSI"), seeking indemnification for expenses it incurred as a result of a wrongful death lawsuit brought against Georgia Power by the widow and estate of a former NSI

---

employee. The trial court granted Georgia Power's motion for partial summary judgment and denied the motion for summary judgment filed by NSI. NSI appeals, claiming that the trial court erred because (i) the contracts between Georgia Power and NSI did not cover Georgia Power's expenses in defending the wrongful death lawsuit; (ii) Georgia Power cancelled one of the relevant contracts with NSI; (iii) Georgia Power's lawsuit was barred by the statute of repose; and (iv) the trial court improperly considered certain deposition transcripts. We discern no error and affirm.

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[1] We apply a de novo standard of review to an appeal from the grant or denial of summary judgment, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party.[2]

So viewed, the record shows that in 1966, Georgia Power entered into an agreement with NSI's predecessor pursuant to which NSI would provide maintenance work at Georgia Power facilities. The parties entered into a substantially identical contract in 1978. Both contracts included an indemnification provision, which provided that NSI would indemnify Georgia Power for damages "in any way attributable to the performance . . . of the work herein contracted for" so long as the liability did not arise as a result of "the sole negligence" of Georgia Power.

In 2002, the widow and estate of Billy Joe Jeffreys, who had been an employee of NSI, filed a wrongful death lawsuit against Georgia Power, among others. They alleged that Jeffreys died as a result of asbestos exposure at Georgia Power facilities, as well as exposure through actions of the other defendants. Georgia Power requested that NSI assume its defense, but NSI declined to do so. In 2005, Jeffreys' widow and estate dismissed their lawsuit against Georgia Power without prejudice, and in 2006, Georgia Power brought this indemnification action against NSI, seeking to recover its expenses in defending against the Jeffreys lawsuit.

1. NSI alleges that the contracts did not require it to indemnify Georgia Power for expenses incurred in defending against the Jeffreys lawsuit because (i) the lawsuit did not allege that Jeffreys was harmed as a result of the work he performed for NSI and (ii) Georgia Power's negligence was the sole cause of the liability. We disagree.

[1] *Merlino v. City of Atlanta*, 283 Ga. 186 (657 SE2d 859) (2008).
[2] *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

812

The Jeffreys lawsuit alleged that Jeffreys died from exposure to asbestos at his work sites, which included Georgia Power facilities. While the lawsuit failed to specify when the exposure occurred or at which Georgia Power facilities Jeffreys worked, the record showed that Jeffreys was hired by NSI as an insulator and that he was involved in removing and replacing asbestos insulation at various locations, including several Georgia Power facilities between 1976 and 1990. No evidence was presented that Jeffreys was ever present at a Georgia Power work site other than through his employment with NSI. While NSI seems to claim that Jeffreys' allegation of asbestos exposure at a Georgia Power facility was unrelated to his insulation work for NSI, such an unsupported conclusion is not reasonable and cannot serve as the basis for denying summary judgment to Georgia Power.[3]

Similarly, while NSI claims that Georgia Power was solely responsible for Jeffreys' alleged injuries, the lawsuit claimed that Georgia Power, NSI, and over a dozen other defendants were all liable for Jeffreys' death based on their failure to warn him "of the dangerous characteristics of the asbestos-containing products." NSI failed to produce any evidence that the allegations against Georgia Power resulted from something other than Jeffreys' presence at Georgia Power facilities to remove and replace asbestos insulation on behalf of NSI. Instead, the Jeffreys lawsuit resulted from the alleged failure of both Georgia Power and NSI (as well as the other defendants) to warn Jeffreys of the dangers of asbestos in his work as an insulator. The trial court, therefore, properly determined that Georgia Power's actions, negligent or otherwise, were not solely responsible for Jeffreys' alleged injuries pursuant to the terms of the contracts.

Both the 1966 and 1978 contracts between NSI and Georgia Power required NSI to indemnify and defend Georgia Power "from the payment of any sum . . . in any way attributable to the performance and prosecution of the work herein contracted for, including . . . costs, attorneys' fees, costs of investigation and of defense." Jeffreys sued Georgia Power claiming exposure to asbestos at a Georgia Power facility where he was present solely to work as an NSI employee under the contracts. As a result, the plain meaning of the contracts required NSI to defend and indemnify Georgia Power against the Jeffreys lawsuit.[4]

---

[3] See *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 683 (3) (a) (498 SE2d 748) (1998) (while the nonmovant on summary judgment is entitled to all reasonable inferences and conclusions in assessing the evidence, such inferences and conclusions must not be unreasonable or based on mere conjecture or possibility).

[4] See, e.g., OCGA § 13-2-3; *Grain Dealers Mut. Ins. Co. v. Pat's Rentals*, 269 Ga. 691, 693

2. NSI also claims that the trial court erred in denying its motion for summary judgment and granting partial summary judgment to Georgia Power because Georgia Power "cancelled" the 1966 contract. NSI points to a letter written by a "Supervisor of Contracts" at Georgia Power that transmitted a copy of the 1978 contract to NSI for execution and states that "[u]pon execution of this contract[,] the existing maintenance contract dated October 26, 1966 . . . is hereby cancelled."

NSI failed, however, to present any evidence that the Jeffreys lawsuit related solely to his presence at Georgia Power facilities pursuant to the 1966 contract. Instead, the evidence indicated that Jeffreys periodically worked at Georgia Power facilities between 1976 and 1990. As a result, even if NSI was able to show that the parties intended to allow the unilateral cancellation of the indemnification provision of the 1966 contract,[5] NSI would still be required to indemnify Georgia Power pursuant to the 1978 contract.

3. NSI also claims that Georgia Power's lawsuit against it is barred by the statute of repose for claims alleging deficiency in the construction of an improvement to real property. We disagree.

OCGA § 9-3-51 provides that any action to recover for damages arising out of a deficiency in the construction of an improvement to real property must be brought against a person performing the construction within eight years after "substantial completion of such an improvement." Here, however, Georgia Power's lawsuit is based on breach of contract and seeks indemnification for damages it incurred in securing the dismissal of the Jeffreys lawsuit. Georgia Power does not allege that NSI's construction was deficient, and the indemnification provisions contained in the contracts do not require such a showing. We therefore find that the statute of repose contained in OCGA § 9-3-51 does not bar Georgia Power's lawsuit.[6]

4. NSI also alleges that the trial court erred in improperly relying on certain deposition testimony. NSI claims that the trial court should not have considered deposition testimony that was originally taken in the Jeffreys lawsuit or a deposition that was suspended due to "the lateness of the day" and never concluded.

---

(505 SE2d 729) (1998) (unambiguous terms of contract require no construction, and their plain meaning must be given full effect).

[5] *Duffett v. E & W Properties*, 208 Ga. App. 484, 486 (2) (430 SE2d 858) (1993) (the cardinal rule of contract construction is to ascertain the intention of the parties, and a jury question arises only when there is an ambiguity in the contract that cannot be negated by the court's application of the statutory rules of construction).

[6] See *The Virginia Ins. Reciprocal v. Pilzer*, 278 Ga. 190 (599 SE2d 182) (2004) (statute of repose does not apply in contribution action where liability does not depend on proof of negligence).

A party may prevail on summary judgment by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that it is entitled to judgment as a matter of law.[7] We will reverse a trial court's decision to consider deposition testimony on a motion for summary judgment only if the trial court abused its discretion.[8]

NSI was a party to the Jeffreys lawsuit and thereby received notice of each deposition that was later filed by Georgia Power in this case and about which it now complains. NSI also failed to present any evidence that it ever sought to complete the suspended deposition. As a result, we find that the trial court did not abuse its discretion in considering the deposition testimony.[9]

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 31, 2008 —
RECONSIDERATION DENIED NOVEMBER 25, 2008 — 

*Hawkins & Parnell, David C. Marshall*, for appellant.
*Troutman Sanders, John G. Rigney, Scott A. Farrow*, for appellee.

---

[7] See *Automated Print v. Edgar*, 288 Ga. App. 326, 329 (1) (654 SE2d 413) (2007).

[8] *Carter v. Myers*, 204 Ga. App. 498, 499-500 (1) (419 SE2d 747) (1992).

[9] See *Scott v. LaRosa & LaRosa, Inc.*, 275 Ga. App. 96, 98-99 (3) (619 SE2d 787) (2005).